LAURA WAGNER, Appellee, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

**Railroads:** TRESPASSER: NEGLIGENCE. In an action for the death of a boy, it is held that he was a trespasser upon defendant's tracks, and that there was no evidence of negligence rendering the company liable.

*Appeal from Story District Court.*—HON. GEORGE W. DYER, Judge.

TUESDAY, JULY 12, 1904.

ACTION at law to recover damages caused by the death of plaintiff's minor son, due, as is alleged, to the negligence of the defendant, its servants and employes. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*James C. Davis,* for appellant.

No appearance for appellee.

DEEMER, C. J.— Out of the accident referred to in *Wagner v. C. & N. W. R. R.,* 122 Iowa, 360, this case arose.

The record is much stronger for the defendant in this case than in that. A witness was found who was with the little boy, Lawrence Wagner, when he was killed, who testified that he and Lawrence were upon the steps at the back end of an ice wagon going down Locust street toward the railway tracks; that when they arrived near the tracks Lawrence Wagner's hat blew off, and was carried by the wind toward Grand avenue; that they both jumped from the wagon, and Wagner ran after his hat; that the hat blew under the third car from the south, and that the Wagner boy crawled under after it, and that just as he got under the car it backed a little, and ran over him. It also appeared that he ran on the east side of the cars, which were standing on a side track, and that he was not using the defendant's yards for the ordinary purposes of travel.

He was clearly a trespasser in these yards, or at least the defendant's employes were not bound to keep a lookout for people who might be trying to catch hats which had been blown off by the wind. In this case the trial court should have sustained defendant's motion for a directed verdict. There was no evidence whatever that defendant's employes saw the boy. Indeed, it is doubtful if he could have been seen by them in time to have stopped the train after he had placed himself in a dangerous situation. There was no evidence showing any liability on the part of the defendant. As sustaining our conclusions, see *Heiss v. R. R.,* 103 Iowa, 591; *Ills. Cent. R. R. v. Eicher,* 202 Ill. 556 (67 N. E. Rep. 377); *Mabbott v. Ill. Cent. R. R.,* 116 Iowa, 491; *A., T. & S. F. R. R. v. Schwindt,* (Kan.) 72 Pac. Rep. 573. Moreover, the same errors were committed in this case as in *Wagner v. C. & N. W. R. R. Co., supra,* and the judgment must in any event be, and it is, REVERSED.