## SADIE McCOY *vs.* ANNA L. WALSH.

Suffolk.    March 9, 1904. — September 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*License.    Landlord and Tenant.    Agency.    Evidence,* Admissions.

If a woman owning a tenement house with a shed, the roof of which is flat with a railing around it and is used by the tenants, also owns an adjoining shed with a pitched roof having a skylight but no railing, and tells the tenants not to allow their children in the street, and that if they want air the roofs are there for them, and says that the mother of certain children has nothing else to do but to sit on the roofs and mind them, and if this can be construed as an invitation to any one to allow children to go on the roofs unattended, it amounts to no more than a license, and the house owner making the statements is not liable to a child six and a half years old, an inmate of the tenement house, injured by falling through the skylight of the pitched roof of the adjoining shed when going over to see if a little boy is coming out to play with her.

In an action by a child for injuries from falling through a skylight in the roof of a shed belonging to the defendant, adjoining the roof of a shed of a tenement house belonging to the defendant of which the plaintiff is an inmate, if it appears that the plaintiff lives with her mother in a room of the tenement house hired from a Mrs. K. who has leased the whole house from the defendant, this does not make Mrs. K. the custodian of the roof of the shed of the defendant through the skylight of which the plaintiff has fallen, and conversations of a witness with Mrs. K. tending to show where children were allowed to play are not admissible against the defendant.

LATHROP, J.    This is an action of tort for personal injuries sustained by the plaintiff, a girl six and a half years old, by falling through a skylight in the roof of a shed in the rear of 105 Kneeland Street, in Boston.    At the trial in the Superior Court, the judge directed a verdict for the defendant, and the case is before us on the plaintiff's exceptions.

The plaintiff lived with her mother at 45 Albany Street, in a single room in the attic, which was hired of a Mrs. Kent who leased the entire building from the defendant.    In the rear of this building was a shed, with a flat roof, which was used by the tenants of the building for hanging out clothes.    In the rear of this shed was another shed with a pitched roof which belonged to 105 Kneeland Street, which was also owned by the defendant.    The roof of the shed in the rear of 105 Kneeland Street was one foot higher than the other roof.    There was a

railing around the roof in the rear of 45 Albany Street but none around the pitched roof. In the latter roof was the skylight in question raised about three inches above the roof and covered with boards, one of which was new, the others being old and somewhat decayed. After the accident the centre board was found broken.

The mother of the plaintiff had been on the flat roof with the plaintiff and two younger children all day and towards evening when it was almost dark she was taking the children upstairs, when Mrs. Kent asked the mother of the plaintiff to let the plaintiff stay down a little while. Mrs. Kent then told the plaintiff to go and play with a little boy who lived at 105 Kneeland Street. The plaintiff testified that she went over to play with the little boy; that his mother called him to supper, and the plaintiff went over to see if the little boy was coming out, and she fell through. She also testified that she had played with the little boy every day on her shed, but had never before been on the other shed where she fell through.

The principal question in the case is whether there was evidence sufficient to warrant the jury in finding that the defendant invited the children to use her roof, or whether so far as they used her roof they were mere licensees, and took the roof as they found it.

The only witness called on this point was Mrs. McCoy, who testified that she was sitting on the stairs with her baby, when the defendant said to Mrs. Kent: " Take that woman and her baby off the stairs because she won't sit there, and take those children off the street, and the roofs is there for them for to get air, because while they live in my house they won't be in the street, neither will that woman be with her baby sitting on the stairs." The witness further testified that she then came down and stood at the front room, where Mrs. Kent and Mrs. Walsh were, and Mrs. Walsh said: " I have just given my orders to Mrs. Kent that you will not have your children in the street while they live in my house, and you can't sit on the stairs either, nor Mrs. Kent either. If you want air the roofs are there for you." Farther on the witness testified that Mrs. Walsh said to Mrs. Kent: " She must not allow the children in the street, nor me and my baby on the stairs; that the mother had nothing else to do but sit on the roofs and mind them."

If it is possible to construe this as an invitation, it seems to us that both parties must have understood from the language used that when the children went on the roof the mother was to be there to guard them, and that there was no invitation to any one to allow the children to go there alone.

However this may be, we are of opinion that what was said amounted to no more than a license, and that the plaintiff took the premises as she found them. *Plummer* v. *Dill,* 156 Mass. 426.

The remaining exception relates to the exclusion of evidence. After the testimony of Mrs. McCoy in regard to her conversation with Mrs. Walsh and Mrs. Kent had been given, Mrs. McCoy was asked: " Did you ever have any conversation with Mrs. Kent after that in regard to where the children should be kept?" This question was excluded. The plaintiff's counsel stated that he asked the question on the theory that Mrs. Kent was acting as Mrs. Walsh's custodian of the property. We see no ground of exception.

There was no evidence that Mrs. Kent was acting as custodian of the property of Mrs. Walsh, and what Mrs. Kent said could not bind the defendant.

*Exceptions overruled.*

*R. D. Ware,* for the plaintiff.
*S. H. Tyng,* for the defendant.