TELIE EAKINS, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY Co.

**Railroads:** NEGLIGENCE: PLEADINGS. In an action for negligence
1  against a railway company, an allegation of the petition that the
   town had, by ordinance, prohibited the obstruction of the street by
   cars, should be stricken, where it was not also alleged that the
   street extended over the right-of-way.

**Negligence:** EVIDENCE. The liability of a railway company for a
2  personal injury is dependent upon a violation of some duty which
   it owes the plaintiff. The evidence is reviewed and held insufficient to establish negligence, and to support a directed verdict for
   defendant.

*Appeal from Cass District Court.*— HON. W. R. GREEN, Judge.

THURSDAY, JANUARY 12, 1905.

ACTION for damages. Verdict was directed for the defendant, and from judgment thereon the plaintiff appeals.— *Affirmed.*

*W. E. Haynes* and *H. M. Boorman,* for appellant.

*Carroll Wright, John I. Dille,* and *J. B. Rockafellow,* for appellee.

Ladd, J.— The defendant's depot in Anita is at the foot of Walnut street, which extends north from and at right angles with the railroad. There is a sidewalk on the east side of this street, which extends over the defendant's right of way to the northeast corner of the depot platform. This is the customary approach to the depot, and the walk over the right of way is maintained by the company. There are three tracks north of the depot, but the main track is immediately south of it. The plaintiff was about to depart for Colorado, and through another had arranged with defendant's station agent to signal its fast train known as the "Flyer," which was not scheduled to stop at Anita, to stop, and take her aboard. Accompanied with Belle Irving, she walked down Walnut street to the first track north of the depot, and found it occupied by a long train of freight cars. The conductor was standing on the walk, and, being informed that the plaintiff desired to take the "Flyer," advised that the train could not be separated, as the engine was not attached; that they would not have time to go around, and that they would either have to crawl under or go over the coupling in order to reach the train. The conductor then put her "grip" across, and upon her statement that she was afraid to go under, showed her where to step in the stirrup under the car and on the "bumpers," and then took her by the arm, and helped her upon the latter. She straightened up with both feet on the bumpers and one hand holding her dress, and he let go. In getting down, in some way her skirts caught on the couplings, and she fell, striking on her head and becoming unconscious. She pursued her journey the following day, but the evidence tended to show that she has never fully recovered from the injury received.

I. The court, on motion of the defendant, struck from the petition an allegation that the incorporated town of Anita

had, by ordinance, prohibited the obstruction of the streets by leaving cars therein. The ruling was cor-

**1. NEGLIGENCE: pleadings.** rect. There is no allegation that Walnut street extended over defendant's right of way, and, unless it did, defendant was not guilty of obstructing the street.

II. Unless defendant violated some duty due to plaintiff, she cannot recover. She was not a passenger, though intending to become such. In the regular course of defendant's business the fast train due at 11 o'clock

**2. EVIDENCE: negligence.** a. m. did not stop at Anita, and its employés ordinarily had no occasion to keep the approaches to the depot open for the coming or going of passengers at that time. The house tracks north of the depot were placed there for use in switching, and, as Walnut street did not extend over the right of way, the defendant was guilty of no wrong in leaving the train of freight cars on the north track, unless it owed the plaintiff the duty to have the way to the depot open. But there is no showing of the time when Irving requested that the train be stopped for her. For all that appears, this may have been after the freight cars had been set on the house track. Certainly the conductor had no knowledge of her wish until she reached the track, and requested that the train be separated so that she might pass through. It was then too late, for the engine was on the elevator track, and must have been run out on the main track before it could be backed down the house track to the cars. There was not sufficient time for this before the arrival of the "Flyer," and by the rules of the company the latter had the right to the track. The conductor then was not negligent in obstructing the way. Nor is the station agent shown to have been in the wrong. He was not shown to have been requested to signal the train to stop long enough before her arrival at the track to enable him to advise the conductor of her coming. It is not claimed in argument that the conductor was careless in assisting plaintiff over the coup-

lings.   In the absence of any affirmative showing of negligence on the part of defendant, it is unnecessary to consider other matters discussed.   The court rightly directed a verdict for defendant.— *Affirmed.*