CHARLES A. DALIN, administrator, *vs.* WORCESTER CONSOLI-
DATED STREET RAILWAY COMPANY.

CHARLES A. DALIN *vs.* SAME.

Worcester.   January 12, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Landlord and Tenant.   License.*

If the proprietor of a tenement house, who owns an adjoining building with a flat
roof a portion of which is fenced off and floored with wooden boards and is used
by the tenants as a place for drying clothes and for children to play, tempo-
rarily removes a part of the fence for the purpose of repairing the roof outside
of the enclosure, and if a child six years of age after playing with other children
on the roof falls through a skylight beyond the enclosure, the proprietor is not
liable for the injuries suffered by the child, who is a trespasser or at most a
mere licensee, the proprietor owing him only the duty not to injure him wantonly
or to set a trap for him.

MORTON, J.   These are two actions of tort founded on alleged
negligence on the part of the defendant.   The first is an action
by the plaintiff as administrator of his son, a boy of six years
and two months, to recover for personal injuries, and the second
is an action by the father to recover for loss of services and
medical and funeral expenses.   At the close of the plaintiff's
evidence the judge, on the defendant's motion, directed a verdict
for it in each case.   The cases are here on exceptions by the
plaintiff to this ruling.

The defendant owned a five tenement block in Worcester.   It
had a car barn extending along one side of and in the rear of
the block.   The roof of the barn was covered with gravel, and a
portion of it was floored with wooden boards and enclosed with
a picket fence.   Children of the families living on the second
and third floors played in this enclosure, which was also used by
the tenants in the second story as a place for drying clothes.
There was also within the enclosure a garbage chute, used by all
of the tenants of the building, and a flight of stairs leading to a
passageway which led to the street, which likewise was used by

the tenants. The passageway was roofed over and lighted in part by a skylight outside of the enclosure. The accident occurred on June 17, 1901, and was occasioned by the child's falling through this skylight. In April, the end of the fence adjoining the garbage chute, and a portion of the back of the fence had been removed by the defendant in connection with repairs on the roof of the barn and had not been replaced at the time of the accident. There was testimony tending to show that after the fence was thus removed, children played on the roof outside of the enclosure, and had been seen by employees of the defendant and had been ordered by the superintendent to keep off. On June 17, the boy's mother was employed to wash for her sister who occupied the entire third floor, and, with the consent and at the invitation of the sister, the boy's mother arranged to have the boy spend the day with her at her sister's. During the afternoon the boy played with other children in the tenement and also on the roof, the mother looking after him at frequent intervals. Shortly before supper she called to him to come in. He did not obey, and shortly after she went to call him again and found him sitting on the skylight. She called him and watched him till he went around the corner by the garbage chute. After she returned to the kitchen the boy went back to the skylight, and fell through the glass and received injuries from which twenty-one days later he died.

We assume that the defendant owed the same duty to the deceased that it owed to the tenants of the building and the members of their families. *Wilcox* v. *Zane,* 167 Mass. 302. But it is plain that the roof of the barn outside of the enclosure was not intended to be used by the tenants of the block, and we think that the removal of the fence in connection with the repair of the roof did not constitute an invitation or permission to them to use it. At most the boy was a mere licensee and the defendant owed him no duty except to refrain from wanton injury or from setting a trap for him. *McCoy* v. *Walsh,* 186 Mass. 369. *Sullivan* v. *Boston & Albany Railroad,* 156 Mass. 378. *Wright* v. *Boston & Albany Railroad,* 142 Mass. 296. The fact that children were seen playing upon the roof by employees of the defendant did not constitute an invitation or permission

from the defendant, especially when taken in connection with the further fact that they had been ordered to keep off by the superintendent.

*Exceptions overruled.*

G. *Calkins*, for the plaintiff.

C. C. *Milton*, for the defendant.