ALFREDO CERRICOLA *vs.* MARY DARENA & another.

Suffolk.   December 4, 1928. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Common roof, Skylight.   *Negligence,* Of one owning or controlling real estate.

A landlord is under no duty to keep a roof used in common by his tenants in safe repair for uses to which it was not intended to be put by them.

Near the edge of the roof of a tenement house projected a light shaft with an inclined covering which was four feet, eight inches above the level of the roof at its highest point and three feet, six inches high at its lowest point. The covering was five feet, two inches wide and included a glass skylight three feet, nine inches wide. The roof was intended for use in common by the tenants of the building. At the time a certain tenant hired a tenement therein, a fence running around the edge of the roof surrounded the light shaft in such a way as to separate it from the rest of the roof. In the course of alterations made on the fence during the tenancy, that portion of the fence surrounding the light shaft was removed. Thereafter a child of the tenant, six or seven years of age, climbed the shaft and sat upon the skylight, whereupon the glass gave way and the child fell to the bottom of the shaft. The glass at that time was strong, but the putty and lead had become weakened. Such condition had been reported to the owner of the building previous to the accident, but no repairs had been made. In an action of tort by the child against the owner, the trial judge ordered a verdict for the defendant. *Held,* that

(1) The light shaft was not intended for use by the tenants; nor

was the removal of the fence around it an invitation to climb upon it or to sit upon it;

(2) Since the defendant was under no duty to keep the light shaft in a safe condition for such use, the verdict properly was ordered in his favor.

TORT. Writ dated February 9, 1924.

The action came on for trial in the Superior Court before *Raymond,* J. By agreement of the parties after counsel for the plaintiff had opened to the jury, the judge ordered a verdict for the defendants and reported the action for determination by this court upon such opening and certain agreed facts, judgment to be entered for the plaintiff in the sum of $1,000 if the facts warranted a verdict for the plaintiff; otherwise judgment to be entered for the defendant. It appeared that the fence mentioned in the opinion, as it stood at the time of the letting to the plaintiff's father, separated the light shaft from the rest of the roof, but that, when the fence was changed, the portion thereof surrounding the shaft was not replaced. Other material facts are stated in the opinion.

*S. D. Bacigalupo,* (*A. P. Gay* with him,) for the plaintiff.
*A. E. Bent,* (*W. I. Badger* with him,) for the defendants.

WAIT, J. The plaintiff, minor child of a tenant of the defendants, living with his parents in premises in Boston, was injured by falling through a glass skylight covering a light shaft which extended above the roof of the building. The light shaft stood close to the edge of the roof and near a penthouse covering a stairway leading to the roof. Its covering, of which the skylight was part, extended from the wall of the penthouse on an incline and overhung the side of the shaft. Where it rested against the penthouse it was four feet, eight inches high, and at its lowest point three feet, six inches high above the roof level. It was five feet, two inches wide, and the frame and glass of the skylight was three feet, nine inches wide. The tenants in the building were expected to use the roof in common for the purposes incidental to the use of their tenements. At the time of the letting to the plaintiff's father, the roof was floored with boards, and was surrounded by a fence which followed the edge of the roof, passed around the

light shaft, and ended against the penthouse wall between the light shaft and the jamb of the penthouse door. The skylight was then in good condition. During the occupancy, the original fence was replaced by another which followed the edge of the roof, but did not enclose the light shaft. The glass of the skylight remained strong; but the putty and lead became weakened. The plaintiff's father reported this condition to one or both defendants, and was told it would be taken care of. Sometime later and before any repair had been made, the plaintiff, then six or seven years of age, climbed upon the skylight and sat upon it. The glass gave way, and plaintiff fell to the bottom of the shaft.

The law is settled that a landlord is bound to keep stairways, roofs and areas intended to be used in common by his tenants in reasonably safe condition for the use contemplated. He is not bound to keep them in better repair than they purported to be in at the time of the letting. *Andrews* v. *Williamson*, 193 Mass. 92, 94. *Lindsey* v. *Leighton*, 150 Mass. 285. *Quinn* v. *Perham*, 151 Mass. 162.

He is not bound to keep them safe for uses to which they were not intended to be put. *Dalin* v. *Worcester Consolidated Street Railway*, 188 Mass. 344. *Eisenhauer* v. *Ceppi*, 238 Mass. 458. *Carroll* v. *Intercolonial Club of Boston*, 243 Mass. 380. *Landers* v. *Brooks*, 258 Mass. 1. See also *Noonan* v. *O'Hearn*, 216 Mass. 583.

It is manifest that the air shaft above the roof was not intended for use by the tenants and we deem it clear that the removal of the fence was not an invitation to climb upon the skylight or to use it as a seat. The original fencing, and the height and structure of the shaft, exclude such invitation. The case falls within the principle of *Dalin* v. *Worcester Consolidated Street Railway, supra, Eisenhauer* v. *Ceppi, supra,* and *Landers* v. *Brooks, supra.*

*Judgment for defendants.*