LOUIS STERN *vs.* SAMUEL SWARTZ.

SAME *vs.* IDA SWARTZ.

Middlesex.    March 13, 1933. — June 28, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of one owning or controlling real estate.

The owner of an apartment house was under no duty to keep a balustrade at the edge of a roof strong enough to support the weight of the body of a painter hired by him to paint the house, where it appeared that the balustrade was placed as it was merely for ornamental purposes and was not intended for the protection of persons on the roof, which was not intended nor adapted for use as a veranda.

The mere additional fact, that the owner of such premises told the painter that the premises had been "all fixed up," would not warrant a finding of liability on the part of the owner for personal injuries sustained by the painter in a fall resulting from a giving way of the balustrade.

Two ACTIONS OF TORT. Writs dated October 17, 1928, and October 4, 1929, respectively.

In the Superior Court, the actions were tried together before *Morton*, J. Material evidence is described in the opinion. The judge ordered verdicts for the defendants and reported the actions for determination by this court.

*C. Silbert*, for the plaintiff.

*G. B. Rowell*, for the defendants.

LUMMUS, J. The defendant Ida Swartz took title in 1913 to a wooden apartment house of three floors and six apartments. The front door, reached through a portico, was in the center of the street front. Over the portico a slightly sloping tin roof, eight or ten feet wide, projected from the house toward the street at the level of the floor

above the street. Two windows of that floor, about two feet above the tin roof, looked out upon it, but there was no door leading to it and it was not intended or adapted for use as a veranda. Along the edge of the tin roof, just inside a gutter, was an ornamental wooden balustrade, attached to the house at each end and otherwise supported by two posts, with parallel horizontal rails, and balusters between them. No repairs had been made on this balustrade during the ownership of Ida Swartz, but it seemed in good condition.

The defendant Samuel Swartz, husband of the owner, managed the property for her. He entered into a contract with the plaintiff, whereby the plaintiff was to paint the house. While he was doing the work, on October 17, 1927, the weight of the plaintiff's body caused the balustrade to give way, and he fell to the ground and was hurt. There was evidence that the rails were rotten. But whether he slipped or stumbled on the tin roof and fell against the balustrade, or was leaning over it while cleaning out the gutter, the evidence does not make clear.

The defendants owed the plaintiff no greater duty than they would have owed to their own servants engaged in similar work. *Brogna* v. *Capodilupo*, 279 Mass. 586. *Walker* v. *Benz Kid Co.* 279 Mass. 533. Obviously the balustrade was not intended for the protection of persons on the tin roof, but was purely ornamental. In the intended use of the premises, no one had occasion to use that roof. The plaintiff was in no way invited to rely upon the strength of the balustrade, and could not reasonably do so. *Eisenhauer* v. *Ceppi*, 238 Mass. 458. *Landers* v. *Brooks*, 258 Mass. 1. *Cerricola* v. *Darena*, 266 Mass. 267. *Lally* v. *A. W. Perry, Inc.* 277 Mass. 463. Even if the defendants told the plaintiff, as was testified, that the premises had been "all fixed up," this aspect of the case would not be affected. The defendants owed the plaintiff no duty to keep the balustrade strong enough to prevent a person from falling from the roof. The trial judge was right in directing a verdict for the defendant in each case.

*Judgment on the verdict in each case.*