James Doran & another vs. The Electrical
Installation Company.

Middlesex.   November 10, 1950. — December 1, 1950.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Counihan, JJ.

*Negligence*, Invited person, Licensee.

A boy injured through a fall while in the plant of a corporation on a
holiday when it was not open for business was a mere gratuitous li-
censee, and not an invitee, of the corporation where it appeared that
he had no business with the corporation and that he and other boys
went to the plant with its president, who wished to go there and had
offered to drive them to a boys' club afterwards.

Tort.   Writ in the Superior Court dated December 12,
1946.

The action was tried before *Rome*, J.

*R. W. Bramley*, for the defendant.

*G. S. Ryan*, for the plaintiff.

Lummus, J.   James Doran, a boy ten years old, was hurt
on January 1, 1946, by falling through a sheet rock ceiling
in the plant of the defendant in Cambridge.   The first two
counts of the declaration[1] allege negligence of the defendant.
The third count is a claim for consequential damages by
John Doran, the father of James, also alleging negligence
of the defendant.

Motions by the defendant for directed verdicts in its
favor were denied, and the defendant excepted.   The jury
returned verdicts against the defendant on all three counts,
and the judge refused to enter verdicts in its favor under
leave reserved.   The exceptions of the defendant present
the only question.

The evidence most favorable to the plaintiffs may be sum-
marized as follows.   Paul L. Keating, president of the de-

---

[1] These counts were by James for personal injuries. — Reporter.

fendant, desired to go to the plant of the defendant, which was not open for business on that day, and offered after that to drive his own son, with the plaintiff James Doran and two other boys, to the Arlington Boys' Club. Keating remained on the first floor of the defendant's premises, while the boys went to the second floor. They were not told where to go. There was a ladder on the second floor, leading up. The four boys climbed the ladder and reached a place where a plank was laid over a sheet rock ceiling. They crossed on the plank, and, finding nothing interesting, walked back on it. In walking back, the plaintiff James stepped off the plank and fell through the ceiling.

The plaintiff James had no business with the defendant, and was on its premises merely to see whatever might interest him. He was not an invitee, but merely a gratuitous licensee. *Zoebisch* v. *Tarbell*, 10 Allen, 385. *Plummer* v. *Dill*, 156 Mass. 426. *McCoy* v. *Walsh*, 186 Mass. 369. *Norris* v. *Hugh Nawn Contracting Co.* 206 Mass. 58. *Murphy* v. *Boston & Maine Railroad*, 248 Mass. 78. *Bruso* v. *Eastern States Exposition*, 269 Mass. 21. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226. *Lanstein* v. *Acme White Lead & Color Works*, 285 Mass. 328. *McNamara* v. *MacLean*, 302 Mass. 428. *Carroll* v. *Hemenway*, 315 Mass. 45. *Zaia* v. *"Italia" Societa Anonyma di Navigazione*, 324 Mass. 547. The duty of the defendant toward the plaintiffs was only to refrain from wilful, wanton or reckless conduct, and there is no allegation and no evidence of such conduct. *Murphy* v. *Boston & Maine Railroad*, 248 Mass. 78, 82. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 144. *Colbert* v. *Ricker*, 314 Mass. 138, 141.

*Exceptions sustained.*
*Judgment for the defendant.*