*Municipal Court of the City of Boston*

No. 314034

**EARL DARLING**

v.

**METROPOLITAN TRANSIT AUTHORITY**

(November 2, 1953)

*Barron, J.* This is an action of tort to recover damages for injuries sustained by the plaintiff as a result of cutting his hand on barbed wire on the premises of the defendant.

At the trial there was evidence from which the following facts could have been found: The plaintiff was a passenger of the defendant and was proceeding to his home in Dorchester. He got off at Ashmont

Station and was walking to the Beale Street exit. To get to this exit he had to go down a flight of stairs and along a passageway. When he was descending the stairs and was on the second or third step from the top, his foot slipped and he started to fall. *He instinctively put out his arm and hand to catch himself and in so doing his left hand came in contact with the barbed wire, which cut the first three fingers of his left hand.*

The phycical condition of the stairs and passageway was shown in a photograph which was introduced as an exhibit. A chain link fence followed the inclination of the steps and the distance from the top of each step to the top of the fence at that point was approximately six feet. The barbed wire was erected above the top of the fence and parallel to it. At certain places the bottom strand of the wire was very close to the top of the fence. The hand rail is below waist level of a person descending the stairs. The defendant owned and was in control of the entire premises where the incident occurred.

There was no evidence that the plaintiff was not in the exercise of due care.

An employee of the defendant, the person in charge of maintenance, testified that the purpose of the barbed wire was to keep people in the passageway and to prevent anyone from going over the fence and into the tracks of the defendant. He testified that he was familiar with chain link fences and that this type fence comes in widths, in addition to the *six foot width used here,* of eight and ten feet. He also testified that he was familiar with the practice of placing barbed wire above a fence slanted at an angle from the top of the fence, but when asked whether it is customary to erect barbed wire at an angle he answered in the negative.

The following requests for rulings were made by the plaintiff and the court ruled as indicated herein:

1. A public utility is subject to liability to to members of the public entitled to and

seeking its services for bodily harm caused to them upon land in its possession by any natural or artificial condition thereon which it is reasonably necessary for the public to encounter in order to secure its services, if the utility knows or should know of the conditions and the unreasonable risk involved therein and could make the condition reasonably safe by the exercise of reasonable care. *Denied as inapplicable. No condition here creating unreasonable risk of injury to public using facilities of Metropolitan Transit Authority.*

2.  If the defendant by erecting the barbed wire in a different manner or in a different location could have made the passageway safe for passengers and at the same time achieved the object intended by the use of the barbed wire, the defendant was negligent. *Denied. No absolute duty to prevent injury from all possible causes. Passageway was reasonably safe.*

3.  By placing barbed wire on top of the fence adjacent to the passageway not slanted away from the passageway, the defendant created an unreasonable risk of injury to passengers using the exit where the plaintiff was injured. *Denied.*

7.  The defendant should have reasonably anticipated that a passenger leaving the station might slip on the stairs and come into contact with the barbed wire placed and erected as it was. *Denied.*

8.  If an ordinary fence or other means could have reasonably served the same purpose as barbed wire the defendant did not use reasonable care to make the premises safe for the plaintiff, its passenger. *Denied.*

The court found for the defendant. The plaintiff claimed to be aggrieved by the denial of these requests.

The issues raised by the requests are (1) whether, as a matter of law, the defendant created an unreasonable risk of injury to the public in the construction of the barbed wire fence; (2) if some safeguard, other than the particular barbed wire erected in the manner described, might have prevented the injury, does it follow as a matter of law that the defendant was negligent. The answers to both questions are in the negative. The trial justice did not err.

It is a question of fact as to whether the passageway was reasonably safe. There was sufficient evidence from which the trial judge could make a finding that the defendant acted reasonably and that there was no negligence on its part.

It is not unreasonable to assume that a passenger going down the stairs would not come in contact with barbed wire more than 6 feet above any point of the surface of the steps. The accident happened because of an unusual combination of reasons of which the plaintiff was not charged with knowledge. The slipping on the stairs by the plaintiff for some reason not attributable to the negligence of the defendant; the plaintiff's loss of balance; his failure or inability to grasp the handrail; the particular height of the plaintiff; the throwing up of his hands which came in contact with the barbed wire, were not facts which would compel the court to find that the defendant was negligent as a matter of law.

The standard of conduct of a reasonable man may be established by legislative enactment. G. L. c. 86, §6 states that "Whoever builds or maintains a barbed wire fence within six feet of the ground along a sidewalk located on a public way shall be punished by a fine—", but there is no contention here that any statute was violated.

The fact that the plaintiff suffered an injury under the conditions described, does not mean that he was subjected, as a matter of law, to an unreasonable risk. That was a question of fact for the trial judge to determine.

The standard of conduct to which the defendant must -conform to avoid being negligent is that of a reasonable man under like circumstances. *Restatement, Torts, Negligence,* c. 12, §283. He must be reasonably considerate of the safety of others. He is not bound to keep the premises safe for uses to which they were not meant to be put. *Cohen v. Davies,* 305 Mass. 152, 154; *Cerricola v. Darena,* 266 Mass. 267, 269.

There was no absolute duty on the part of the defendant to prevent injury from all causes. The defendant is not an insurer. It owed the plaintiff a high degree of care, higher than would be owed to a pedestrian or person on the highway. The trial justice was cognizant of this degree of care, (See disposition of requests Nos. 4 and 5.) but found no negligence on the part of the defendant. The use of barbed wire in the manner described was not unreasonable. In *Quigley v. Clough,* 173 Mass. 429, 430 the court stated, "Barbed wire is—a common article of commerce, and the use of it simply shows an intent to make it more difficult to pass the line of the fence."

The court did not err, as contended by the plaintiff, in disposition of request No. 1. A court "may refuse to grant a request for the avowed reason that it is immaterial or inapplicable in view of the facts found by him." *Hetherington & Sons v. William Firth Co.,* 210 Mass. 8, 18. The ground of refusal was distinctly stated by the court.

*Report dismissed.*

Vincent R. Brogna, for the vlaintiff.

James L. Vallely, for the defendant.