ANGELO J. PALIOTTO, Appellant, v. SYLVIA HARTMAN et al., Respondents.— Appellant served notice to examine respondent Sylvia Hartman under sections 288, 290 and 301 of the Civil Practice Act. Prior to the date stated for examination, said respondent moved under section 291 to vacate the notice, the return date of the motion being after the examination date. She did not appear on the examination date, and appellant moved to punish her for contempt and to strike out her pleading under section 299. Both motions were heard at the same time. Appellant's motion was denied. Respondent's motion was granted in part and denied in part, the order providing that the examination be held after appellant has served a bill of particulars previously ordered by the court and that the examination take place in Nassau County where the respondent, a housewife, resides. Orders affirmed, with one bill of $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, MacCrate, Beldock and Ughetta, JJ., concur. [See *post*, p. 1174.]

■

SAMUEL PLATNICK, Appellant, v. PHILIP Z. FELDMAN et al., Doing Business under the Name of HUDSON HEMPSTEAD MOTORS, et al., Respondents.—Plaintiff, a photographer, was employed to take some pictures of a beam of a building adjoining that owned by the testate of defendant Pfeiffer and leased to defendants Feldman. Plaintiff could obtain the desired picture from the roof of defendants' building. He obtained permission from defendants to go to the roof and, while there, fell through a glass skylight. In this action to recover damages for the injuries sustained, the complaint was dismissed at the close of plaintiff's case. Judgment dismissing the complaint unanimously affirmed, with costs. Plaintiff was a licensee. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79, 82.) To a licensee the owner of the premises owes no duty to exercise care that the premises are safe, for the licensee in entering by permission takes the risk of their condition. (*Barrett* v. *Brooklyn Heights R. R. Co.*, 188 App. Div. 109, 111, affd. 231 N. Y. 605.) Nor were defendants under a duty to warn plaintiff of the allegedly dangerous condition of the roof. (*Vaughan* v. *Transit Development Co.*, *supra*.) In the case at bar, the skylight was not a trap, but was visible, apparent, and unconcealed. (*Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240.) The proof was insufficient to make out a cause of action. (*Doran* v. *Electrical Installation Co.*, 326 Mass. 523.) Present — Nolan, P. J., Schmidt, Beldock, Murphy and Ughetta, JJ.