■ RAMON SOTO, an Infant, by GERTRUDE SOTO, His Guardian ad Litem, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries, the appeal is from a judgment dismissing the complaint on the opening statement to the jury by counsel for appellant. The appellant, a six-year-old child who resided with his family in a multiple dwell-

ing owned by respondent, sustained injuries when he walked backward in a playful manner until he approached the edge of the roof; his hand pressed against a chimney and a brick or bricks came loose, and he fell backward over the roof parapet down into the yard. The complaint alleged that respondent permitted the premises to remain in a dilapidated condition and in disrepair, resulting in a trap to appellant and other children who, by means of an unbolted stairway door, enjoyed access to the roof and respondent's acquiescence in their use thereof. In his opening to the jury, appellant's counsel stated that he expected to prove that respondent's only concern with the premises had been to get all tenants to remove therefrom so that the dwelling could be razed to make way for construction of a highway, as a consequence of which repairs to, and proper supervision over, the premises were neglected. Judgment unanimously affirmed, without costs. In our opinion, the complaint was properly dismissed since in no aspects of its allegations, or in the opening statement, can any basis for respondent's liability to the infant be discerned (cf. *Miller* v. *Flashner,* 8 A D 2d 944). To a licensee, present on the roof for his own purposes, in an area not set aside for the common use of tenants as an adjunct of their demised premises, an owner is subject to no liability for his acquiescence in the use of the roof and his passive failure to keep the roof in repair (*Simmons* v. *Poughkeepsie Sav. Bank,* 255 App. Div. 887, affd. 282 N. Y. 626). Such a user assumes the risk of the existing conditions when, as at bar, they eventuated from decay or mere failure to repair, there being no elements of affirmative negligence or creation of deceptive traps for the unwary on the owner's part (*Mayer* v. *Temple Properties,* 307 N. Y. 559, 564; *Platnick* v. *Feldman,* 285 App. Div. 1086). Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.