■ SAUL SCHWARTZ, Respondent, v. CITY OF MOUNT VERNON, Defendant, and BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON, Appellant.— In an action to recover damages for personal injuries resulting from plaintiff's participation in a father and son baseball game on grounds owned and controlled by defendant Board of Education, the board, pursuant to section 457-a of the Civil Practice Act, appeals from an order of the Supreme Court, Westchester County, dated January 11, 1960, denying its motion to dismiss the complaint, made at the close of all the evidence upon a jury trial, on the ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action. The court originally reserved its decision on the motion and then submitted the case to the jury. The jury, having failed to agree, did not return a verdict and was discharged. Thereafter the court made the order appealed from denying the board's motion to dismiss the complaint for failure of proof. Order affirmed, with $50 costs and disbursements. No opinion. Nolan, P. J., Kleinfeld and Christ, JJ., concur; Beldock and Ughetta, JJ., dissent and vote to reverse the order and to grant the motion to dismiss the complaint, with the following memorandum: Plaintiff, then about 46 years old, entered the grounds which the defendant board maintained exclusively for the children attending an adjacent public school, and engaged in playing baseball upon such grounds. In contravention of the board's established rules he had not procured a license for such use. Hence, he was a trespasser. Even if it be assumed that, by reason of prior acquiescence, he was justified in regarding the field as available for his purposes, nevertheless he took the premises as he found them (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79, 82; *Platnick* v. *Feldman*, 285 App. Div. 1086). In pursuit of a ball hit outside of third base, plaintiff fell and sustained an injury. He attributes his fall to the presence of a slope along the entire length of the foul line and about 20 feet therefrom. Although he had played on the field for about two hours prior to the accident and although part of such time he had played in the vicinity of third base, grass only one inch high caused him to regard the slope as level ground. In our opinion, under the circumstances, the plaintiff, irrespective of his status, assumed whatever risk was attendant upon the existence of the slope (*Kimbar* v. *Estis*, 1 N Y 2d 399, 404; *Scala* v. *City of New York*, 200 Misc. 475).

<hr>

### (January 30, 1961)

■ JAMES COLICA, Respondent, v. JOHN KAZMIERCZUK et al., Appellants.— Motion by appellants for leave to appeal to the Court of Appeals denied. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ BARBARA CORDES, Respondent, et al., Plaintiff, v. CHARLOTTE McGOWAN et al., Appellants, et al., Defendants.— Motion by respondent to dismiss appeal, denied. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ MILDRED KAPLAN, Respondent, v. MORRIS KAPLAN, Appellant.— Motion by appellant to extend time to perfect appeal and to continue the stay of his examination before trial, granted; time extended to the March Term, beginning February 27, 1961; appeal ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before February 27, 1961. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.