*Northern District*
## No. 6159
## HARRY BERGER & CO., INC.
v.
## ESTELLE ALCOCK ADMX., ET AL

*Present*: Brooks, P.J., Connolly & Yesley, JJ.

Case tried to *Feloney, J.* in the Third District Court of Eastern Middlesex (Cambridge) No. 489 of 1965.

*Brooks, P.J.* This is an action of contract or tort to recover damages to plaintiff's merchandise in the store leased by him as part of a larger building owned by the defendant.

Count one alleges that defendant negligently permitted the roof to become leaky and out of repair with the result that rain water leaked through the roof causing damage to goods, wares, and merchandise of plaintiff of which defendant had actual or constructive notice.

Count two alleges that defendant rented the premises in question to plaintiff under a written lease containing a clause reading in part as follows:

"The lessor agrees that............he............will

..........keep the..........roof of the demised premises..........in proper and substantial repair"; that defendant breached the covenants under said lease by failing to keep the premises in repair with the result that plaintiff suffered damages to his property and business through flooding of the premises with rain water. The answer is a general denial.

The parties agreed as follows: A written lease was entered into between the parties the only portion of which introduced in evidence was the part above quoted.

Part of the store was under apartments occupied by tenants of defendant. These tenants used the roof of that part of the store not under the apartments for hanging out washing. Leaks in this roof were found to be the cause of damage to the contents of plaintiff's store. There was no evidence as to where in the roof these leaks were. There was evidence that on complaint from plaintiff, defendant made repairs on the roof but no evidence as to where the repairs were made or whether they were on different leaks than those that had previously caused leakage and had been repaired.

The court found that the roof was in effect a common passageway which it was the duty of the landlord to keep in repair and that not having done so he was liable but only if the repairs which he made were made negligently. The court inferred that negligence in making repairs existed in view of the fact that leaks continued or became worse.

The court found that the damaged goods were mostly "clothing" and did not include certain contents consisting of toys which the court found not to have been damaged as testified. The finding was in the sum of $900.

Plaintiff filed requests for rulings relating to the measure of damages only one of which #7—was set forth in the report. The request was granted and defendant claimed it was aggrieved by this allowance. However, it does not appear in his brief and we assumed that it was waived. In any event we see no merit in defendant's objection to the allowance of the request itself.

Defendant filed several requests for rulings only two of which need be recited. Request #1 was as follows:

> "There is no sufficient evidence to warrant a finding for the plaintiff under count one."

The court denied this request in the following language:

> "The plaintiff is entitled to recover under count 1, because the defendant did not take reasonable care to keep the roof over the store operated by the plaintiff in the condition it was in or appeared to be in at the time of the letting. The leaky portion of this flat roof was used by other tenants of the defendants to 'hang out' clothing there being apartments above the store. I rule that said portion of the roof was not part of the premises demised to the plaintiff, but was part of the premises reserved by

the defendants, and that the law which is applied to a common passageway should apply here. This count in tort for negligence is sufficient for recovery by the plaintiff. The plaintiff is entitled to recovery under this count on another basis. The lease obligates the defendants to 'keep—the roof—in proper and substantial repair'. If the defendants had negligently failed to repair the roof, plaintiff would only be entitled to limited damages in an action of contract, amounting to the cost of repairing the roof. However, this roof had been leaking for a long time and on several occasions, the defendants caused repairs to be done. Since the leaking conditions became worse after the repairs were done, I infer that the repairs were done negligently. Therefore, the plaintiff is entitled to recover in tort the obvlously foreseeable damages to their goods which were in the premises."

Request #2 was as follows:

"There is no sufficient evidence to warrant a finding for the plaintiff under count two."

This request was allowed in the following language:

"The plaintiff's evidence was directed to a recovery in tort as found by the court in number one. Proof was not in terms of failure to comply with the covenants to repair, but that the defendant did repairs, but negligently. Therefore, there is to be no recovery for the plaintiff on this count which is for breach of contract."

■ We are sympathetic with plaintiff on the merits of the case, but we are concerned with two possible obsticles to his recovery. As defendant properly argued, the case was apparently tried on the theory of negligence. Plaintiff's recovery under count 1 is based on negligent repairs. However, his declaration does not allege negligent repairs, but merely his failure to repair. Moreover, even if negligent repairs were alleged, there is some doubt on the present state of the testimony whether negligent repairs have been proved. In other words, while repairs were made and there were leaks following the repairs, there is no testimony as to where the leaks occured, whether for example, there were new leaks in different places from the old leaks or leaks in the same location where repairs had been previously made.

■ Under the circumstances we are sending the case back to the District Court for a new trial on count 1 only, to give plaintiff an opportunity to amend his declaration so as to bring it into accord with his proof of negligent repairs, also to give him the opportunity to introduce evidence of location of the leaks and the repairs in order to determine whether there was actual negligence in repairing old leaks or merely failure to repair leaks in general.

We also suggest that a copy of the lease be added to the report.

We, therefore, *order that a new trial be held on count 1.*

William B. Sleigh, Jr., of Boston for the Plaintiff.
Paul T. Smith, of Boston for the Defendants.

## REPORTER'S NOTE

For cases involving landlord's liability for condition of roofs and chimneys, see: 14 LEGALITE 286; Dangel's Precedents and Forms, 723, §225. *Simon v. Murray Realty, Inc.*, —— Mass. ——, 112 NE 2d 264 (Collapse of roof of garage damaging auto. Landlord liable); *Mason v. Lieberman*, 349 Mass. 321) (Roof collapsed — wall leaked. Landlord liable); *Cox v. Rothenberg*, 331 Mass. 391 (Landlord not liable for Act of God, unusual, violent and destructive storm which caused leaks in roof); *Blood v. Dewey*, 315 Mass. 500 (Landlord liable where repairs negligently made on roof. Adequate consideration for landlord's making of repairs where tenant refused to move in until repairs were made to roof); *Connery v. Cass*, 277 Mass. 545 (Landlord liable for tenant's loss of business and profits of rooming house damaged by leaking roof); *Allen v. Salmansohn*, 254 Mass. 500 (Landlord liable for dripping onto sidewalk from overhanging roof); *Williams v. Pomeroy*, 254 Mass. 290 (Landlord not liable for collapse of common roof due to unusual weight of snow; unprecedented and unanticipated accumulation); *Connors v. Richards*, 230 Mass. 436 (Ice falling from roof); *Yorra v. Lynch*, 226 Mass. 153, 155 (Tenant looking out of window injured by slates falling from roof. Liability); *Hilden v. Naylor*, 223 Mass. 290; *Noonan v. O'Hearn*, 216 Mass. 583 (Landlord liable for death of child falling from roof. Defective floor and railing); *Shute v. Bills*, 191 Mass. 433; *Dalin v. Company*, 188 Mass. 344 (Boy fell through skylight in roof); *McCoy v. Walsh*, 186

Mass. 369 (Child fell through skylight on adjoining roof, was only licensee. Landlord not liable); *Wilcox v. Zane*, 167 Mass. 302 (Landlord liable to nurse hanging clotheson roof, injured by falling through decayed platform); *Leonard v. Storer*, 115 Mass. 86, 89 (Tenant is in control of roof when he rents entire building); *Shipley v. Fifty Associates*, 106 Mass. 194 (Slanting roof near sidewalk is nuisance); *Kirby v. Boylston Market Assoc.*, 14 Gray 249 (Landlord in control of roof when portions of building are let to different tenants); *Kirshenbaum v. Gen. Outdoor Adv. Co.*, 258 NY 489, 496 (Landlord liable for leakage from roof); Restatement, Torts, §362.