UNITED STATES HAT COMPANY *vs.* HENRY A. KOCH
& another.

Suffolk.   March 11, 1907. — April 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, SHELDON, & RUGG, JJ.

*Contract.   Sale.   Evidence,* Extrinsic affecting writings.

In an action for the price of goods sold and delivered, where the matter in dispute is the term of credit given by the plaintiff to the defendant upon certain sales of goods, if it appears that the term of credit was stated in writing to be " April 1, 7/10 thirty days extra," and both parties introduce evidence in regard to the meaning of these words and figures, which is conflicting, a refusal of the presiding judge to direct a verdict in accordance with the testimony and theory of one of the parties gives him no ground for exception, the question of fact being one for the jury.

CONTRACT for the price of goods sold and delivered.   Writ in the Municipal Court of the City of Boston dated May 24, 1902.

On appeal to the Superior Court the case was tried before *Stevens,* J.   The jury returned a verdict for the plaintiff in the sum of $271.30; and the defendants alleged exceptions to the refusal of the judge to give the instructions requested by them, presenting the question which is stated in the opinion.

The case was submitted on briefs.

*H. A. Koch,* for the defendants.

*W. F. Kimball,* for the plaintiff.

RUGG, J.   This is an action of contract to recover for goods sold and delivered to the defendants.   The dispute is about the term of credit given by the plaintiff upon certain sales of goods. If this be as asserted by the defendants, the suit is prematurely brought; if as contended by the plaintiff, it is entitled to recover. The term of credit was in writing as follows: " April 1, 7/10 thirty days extra."   This phrase conveys to the ordinary mind no definite conception.   Both parties introduced evidence as to what it meant.   Testimony in behalf of the plaintiff tended to show its meaning to be that the maturity of the bill was to be reckoned from April first, and that then the purchaser was en-

titled to a discount of seven per cent if he paid within ten days, and to a discount of five per cent if he paid within thirty days, or within forty days from the date of the bill, and that the latest date on which the bill was due was May tenth.

One of the defendants testified that the term of credit was that from April first they were to get thirty days extra, making May first; and that thereafter they had the option of paying within ten days, and deducting a discount of seven per cent, or in thirty days deducting a discount of five per cent. Here was a clear conflict of testimony. This being the state of the evidence, the defendants' requests for instructions in substance asked the judge to direct a verdict in accordance with their testimony and theory. Obviously, this could not have been done. The case was submitted to the jury under instructions, to which no exception was taken. The verdict of the jury demonstrates that they believed the plaintiff's interpretation of the matter in dispute. They were justified in so doing. No error is disclosed.

*Exceptions overruled.*