STEPHEN JENNINGS *vs.* ALVIN D. PUFFER.

Suffolk.    November 18, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Evidence,* Extrinsic affecting writings. *Contract,* In writing. *Practice, Civil,* Rulings and instructions. *Words,* "Estate."

In an action to recover damages for the breach of an agreement in writing, signed by the defendant, as follows: "I will sell you my estate [on Washington Street in Boston] containing thirteen hundred and eleven feet of land through to Devonshire Street for the sum of $125,000," oral evidence of a conversation which took place at the time that the agreement was signed and of a memorandum then delivered to the proposed purchaser is admissible to show that the word "estate" as used in the agreement meant the designated property of the defendant subject to a certain lease.

A correct ruling of a trial judge as to the admission of evidence will be sustained although the judge gave a wrong reason for it.

CONTRACT for the alleged breach of a contract in writing dated January 31, 1902, by which the defendant agreed to sell and convey to Alfred A. Marcus and Son certain real estate on Washington Street in Boston, alleging further an assignment dated March 13, 1902, by Alfred A. Marcus & Son of all their

rights in the agreement to the plaintiff.  Writ dated December 30, 1902.

The defendant, in his amended answer, alleged that when the agreement sued upon was made it was agreed that the property should be conveyed subject to a certain lease, and that he had offered to convey it subject to that lease.

The agreement sued upon was as follows:

" Boston, January 31, 1902.

" Messrs. Alfred A. Marcus,　　　　No. 172 Washington St.
　　　Dear Sirs:

" I will sell you my estate containing 1311 feet of land through to Devonshire St. for the sum of one hundred and twenty-five thousand dollars all cash, or take back a mortgage of $100,000, payable in or within 3 years at 3 1/2 per cent and $25,000 cash, provided this is done on or before March 15, 1902, and will allow you 1 per cent commission for the same; this offer will cease after March 15th, 1902.

　　　　　　　" Alfred A. Marcus & Son
　　　　　　　A. D. Puffer."

In the Superior Court the case was tried before *Richardson,* J., without a jury.  He found for the defendant; and reported the case for determination by this court as follows:

" The defendant, on January 31, 1902, owned the estate No. 172 on Washington Street, in Boston, and on that day signed and delivered to Alfred A. Marcus an offer, a copy of which marked Exhibit A [the agreement printed above] was annexed to the plaintiff's declaration.  At that time, a part of the estate was subject to a lease existing and outstanding which had about five years then to run and the lease continued to exist and was outstanding at the time the plaintiff made a demand for the deed hereinafter mentioned.  Marcus assigned the offer Exhibit A to the plaintiff by an assignment annexed to the plaintiff's declaration and marked Exhibit B.  [This was an assignment, dated March 13, 1902, by Alfred A. Marcus and Simeon Marcus to the plaintiff of all their rights in and to the agreement with the defendant.]

" At the trial before me, without a jury, the defendant stated as his contention, that this paper, Exhibit A, was only a partial

memorandum and that it did not contain all the provisions of the contract, and that as a part of the contract Marcus orally agreed to accept a deed subject to the lease. The defendant offered to show by oral testimony, which was objected to by the plaintiff, that at the time and in the same interview when the agreement marked Exhibit A was entered into, the lease was spoken of, and that the defendant delivered to Marcus a card which showed the rentals of the property and contained a memorandum of the lease, and that it was understood and then agreed by Marcus and the defendant that a certain part of the estate and property was subject to such lease outstanding and that if a deed or conveyance should be made by the defendant under and pursuant to the offer, it must be made subject to the lease which, however, should be assigned by the defendant to the purchaser. The defendant also offered to prove that the agreement and understanding was made and existed between the defendant and Marcus at the time the agreement was signed and thereafter by a letter of Marcus, on Feb. 6, a copy of which is hereto annexed marked Exhibit C. The admission of this letter as evidence was objected to by the plaintiff. If either the letter or the oral testimony was admissible to prove such understanding and agreement between Marcus and the defendant, then I find that Exhibit A was only a partial memorandum, and that it did not contain all the provisions of the contract, and that it was understood and agreed between the defendant and Marcus that the deed or conveyance should be made by the defendant and accepted by Marcus subject to the lease and that this understanding and agreement continued down to the time when the plaintiff demanded the deed.

" The plaintiff, on March 15, 1902, demanded of the defendant a deed free from all incumbrances; the defendant refused to give a deed except subject to the lease, claiming the existence of the understanding and agreement. The plaintiff refused to take a deed subject to the lease. The plaintiff testified that he had no knowledge of the lease until the interview when he demanded his deed.

" I found for the defendant; but by request of the parties, I report the case on the above statement for the consideration of the full court: if, by the oral testimony or the letter, the agree-

ment was admissible to prove the understanding and agreement aforesaid, then judgment is to be entered for the defendant. If it was not proper to prove the understanding and agreement by oral testimony or by the letter, then I find that the plaintiff is entitled to judgment for $1,250, with interest from the date of the writ, one per cent commission. The value of the property was not more than $125,000."

The letter of Marcus, marked Exhibit C, was as follows:

"February 6, 1902.

" Edward E. Currier, Esq.,

My dear Sir:

" We have an option for the purchase of No. 170 and No. 172 Washington Street from Mr. A. D. Puffer, subject to your lease, and would like to know what amount you would consider if we took your lease or in other words how much you would sell the lease for and what reasonable time you would require before we got possession.

"Yours very truly,

" Alfred A. Marcus."

*A. J. Selfridge*, for the plaintiff.

*W. P. Martin*, for the defendant, was not called upon.

RUGG, J.  The defendant entered into a written agreement with one Marcus, of the tenor following, so far as material: " I will sell you my estate containing 1311 feet of land . . . for the sum of one hundred twenty-five thousand dollars." It contained no statement as to the title. This agreement was assigned to the plaintiff. The defendant offered to show by oral testimony that in the interview, when the agreement was signed, reference was made to a lease to which the property was subject, and that the defendant delivered to Marcus a card showing its rentals and a memorandum of the lease; and that the parties then understood and agreed that if a deed should be executed in pursuance of the agreement, it should be made subject to the lease. The only question is whether such evidence was competent. Parol evidence is not admissible to contradict the terms of a written contract. In the absence of fraud or mistake, all previous or contemporary oral negotiations are merged in the written instrument, which is conclusively presumed to

express the bargain. But where any of the terms of the contract are ambiguous or the sense of a word used is obscure, all the circumstances attending the transaction may be shown in order to clear up the doubt. Oral evidence is not admissible for the purpose of constructing a new contract or varying the old, but to ascertain the meaning of the one actually made by showing the situation of the parties with relation to the bargain in order intelligently to apply the contract to the subject matter with which it deals. *Lee* v. *Butler,* 167 Mass. 426, 428. *Smith* v. *Vose Piano Co.* 194 Mass. 193, and cases cited. *Way* v. *Greer,* 196 Mass. 237, and cases cited.

The descriptive word employed in the agreement is " estate." This does not necessarily define with precision the nature of the defendant's title. It may signify the quantity of interest held by the defendant. It does not clearly show whether the land was free from all possible incumbrances or subject to restrictions or lease. The agreement was in this regard open to identification as to its subject matter. It was therefore competent to make definite the exact nature of the estate referred to in the agreement, by testimony as to what occurred at the time it was executed. *Sleeper* v. *Nicholson,* 201 Mass. 110, 113. *Strong* v. *Carver Cotton Gin Co.* 197 Mass. 53, 59. *Garfield & Proctor Coal Co.* v. *Pennsylvania Coal & Coke Co.* 199 Mass. 22, 34. *Harrigan* v. *Dodge,* 200 Mass. 357, 359. *Gordon* v. *Knott,* 199 Mass. 173. *Fullam* v. *Wright & Colton Wire Co.* 196 Mass. 474, 477. *United States Hat Co.* v. *Koch,* 195 Mass. 178. *Mead* v. *Parker,* 115 Mass. 413. *Doherty* v. *Hill,* 144 Mass. 465. The statute of frauds has not been pleaded nor argued, and the case is treated as not raising any question under it.

This is a different ground from that upon which the evidence was admitted in the Superior Court, but it is well settled that its rulings are to stand even though supported by reasoning other than that there stated. In accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*