NATIONAL PNEUMATIC CO., INC. *vs.* INDUSTRIAL
CAFETERIAS, INC.

Suffolk.    December 6, 1963. — February 14, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Contract,* Of indemnity, To carry insurance.

A provision of a contract between a proprietor of premises and a concessionaire conducting a business of selling food and other refreshments in space on the premises, that the concessionaire should hold the proprietor harmless "from all . . . claims of liability . . . arising out of or in connection with the service of food . . . and refreshments by" the concessionaire, did not apply to a claim by an employee of the concessionaire against the proprietor for injuries sustained when, in an area of the premises for whose maintenance the proprietor was responsible, the employee slipped and fell on a puddle of water on the floor caused by a leak in a sprinkler system in the proprietor's control [63–64]; and a further provision of the contract that the concessionaire should maintain "public liability" insurance naming the proprietor as well as the concessionaire as insured was not shown to have been intended to require insurance covering such a claim as that of the injured employee [64].

CONTRACT.    Writ in the Superior Court dated February 21, 1961.

The action was heard by *Spring,* J.

*Sturtevant Burr* for the plaintiff.

*William H. Clancy* (*Thomas D. Burns* with him) for the defendant.

SPIEGEL, J.  This is an action of contract wherein the plaintiff seeks to recover damages for an alleged breach by the defendant of an agreement to hold the plaintiff harmless from all liability arising out of certain activities of the defendant and for an alleged breach by the defendant of an agreement to carry liability insurance.  The judge of the Superior Court sitting without a jury made a finding for the defendant.  The case is before us on the plaintiff's exceptions to the denial of its requests for rulings.

The action was tried on written documents and agreements of counsel.  On October 15, 1952, the plaintiff and the defendant entered into a written agreement which recited that the defendant had been engaged for some time "in the business of catering, serving and supplying food and soft drinks and refreshments" and that the plaintiff operated a manufacturing plant in Boston.  The plaintiff was to furnish space in its plant to the defendant to conduct a "food servicing operation" from which employees, agents, guests, and officers of the plaintiff would be able to purchase food and other refreshments.  The agreement also contained the following clauses: "Sixth: Concessionaire [the defendant] agrees to be solely responsible for the quality of food supplied and shall hold the Company harmless and free from all liability and claims of liability of any nature whatsoever arising out of or in connection with the service of food, drink and refreshments by Concessionaire and its agents and servants during the life of this contract or any extension or renewal thereof.  Seventh: Concessionaire does hereby assume and agree to pay all expenses which shall be incurred in the maintenance and operation of said food servicing operation, except as otherwise set forth in this agreement, including all salaries of its employees and federal and state social security and unemployment taxes applicable to all employees in said food servicing operation.  Concessionaire agrees at all times to carry compensation insurance covering all of its employees and public liability and product liability insurance and to pay the premiums on said policies as and when they shall

become due. Concessionaire and Company shall be named as the insured in said public liability and product liability policies and Concessionaire agrees to deliver to the Company certificates of such insurance, copies of which are attached to this agreement. Concessionaire agrees to maintain insurance of at least the limits set forth in said certificate throughout the life of this agreement or any extension or renewal thereof. Concessionaire shall operate under and secure at its own expense all necessary licenses and permits.''

It appears from the exhibits that on or about December 18, 1957, one Anna Riley, an employee of the defendant, slipped and fell on the plaintiff's premises; her accident was due to a puddle of water that had gathered on a linoleum floor as a result of a leak in a sprinkling system, which was in the control of the plaintiff. The plaintiff was responsible for maintenance of the area in which the accident occurred. Anna Riley brought an action against the plaintiff wherein there was a verdict for her in the sum of $30,000. This court overruled exceptions (*Riley* v. *National Pneumatic Co. Inc.* 341 Mass. 736), and the execution was satisfied by the plaintiff's ''representatives.'' On March 23, 1960, the plaintiff's insurer wrote to the defendant requesting that it defend the plaintiff in the action by Anna Riley, but the defendant failed to do so. The defendant in its brief agreed that the plaintiff was not named as an insured in its liability policy.

The plaintiff filed five requests for rulings.[1] There is no need to discuss them separately. As we are not persuaded that Anna Riley's accident arose ''out of or in connection

---

[1] ''1. On all the evidence a finding for the plaintiff is required. 2. The evidence does not warrant a finding other than that the defendant breached its contract with the plaintiff. 3. The evidence does not warrant a finding that the contract in question was void because of public policy. 4. The evidence does not warrant a finding other than that Anna Riley, at the time she received her injury, was acting in the scope of her employment which arose out of or was in connection with service of food, drink or refreshment by the defendant, its agent or servants. 5. The evidence warrants a finding that the intent of the parties to the agreement in question was to indemnify the plaintiff even as to injuries caused by the negligence of the plaintiff's employees if said injuries were incurred out of or in connection with the service of food.''

with the service of food, drink and refreshments'' within the meaning of the agreement, we conclude that in so far as the plaintiff based its claim on clause Sixth, the finding of the trial judge was not erroneous. ''[A] general finding for the defendant in a case tried by a judge sitting without a jury implies a ruling that such a finding was permissible as matter of law on the evidence.'' *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 556–557. *Elbaum* v. *Sullivan,* 344 Mass. 662, 665.

With regard to the plaintiff's claim to damages for the defendant's breach of its agreement to carry liability insurance, it was open to the plaintiff to show that a purpose of clause Seventh of the agreement was to cover such claims as that of Anna Riley. It appears that no such evidence was presented and we have no reason to infer such purpose as a matter of law. There was no error in the denial of the plaintiff's requests for rulings.

*Exceptions overruled.*