*Southern District*
No. 13—1965

## MICHAEL LAMB

v.

## JOHN SANTOS, JR.

Argued:———1966 Decided:———1966

*Present:* Nash, C.J., Cox, Murphy, J.J.

Case tried to *Leveen, J.* in the District Court of Nantucket No. 13—1965

Cox, J. This action in *quantum meruit* is by a builder to recover the fair value of materials furnished and work done on a house not completed under a contract for its erection. The defendant's answer was a general denial and an allegation of payment. The defendant also filed what is described as an answer by way of dec-

laration in set-off and answer in recoupment as follows:

"And further answering the defendant says by way of declaration in set-off that the plaintiff failed to furnish the labor and materials as agreed for the construction of a certain dwelling for the defendant and by reason of such failure the defendant was required to obtain labor and materials for the completion of said dwelling from other sources, wherefor the defendant was required to expend sums of money for labor and materials far in excess of the amounts he would have paid the plaintiff if the plaintiff had fully performed his agreement to furnish labor and materials, which sums the defendant claims the plaintiff owes him;

And further answering the defendant says that he has sustained serious damages by reason of the failure of the plaintiff to properly and completely furnish the labor, work and materials referred to in the plaintiff's declaration, and the damages so sustained the defendant claims to be entitled to recoup in this proceeding."

There was a finding for the plaintiff in the sum of $2847.90 and for the plaintiff, defendant in set-off. The defendant filed a motion for a new trial which was denied. The finding for the plaintiff as defendant in set-off was made

after the hearing on the motion for a new trial.

The case was reported because the defendant claims to be aggrieved by the finding for the plaintiff, the allowance of the plaintiff's five requests for rulings, by the denial of the defendant's motion for a new trial, and because of the failure of the court seasonably to make findings on the defendant's answer in recoupment and answer in set-off. The defendant filed no requests for rulings.

This last claim by the defendant that the justice failed to make findings seasonably on his answer in recoupment and declaration in set-off may be disposed of at the outset.

■ The pleading was not a declaration in set-off because it is an unliquidated claim for damages not ascertainable by calculation. G. L. c. 232, §1. The damages alleged by the defendant were clearly unliquidated.

■ Pleadings, however, are to be interpreted according to their true character and not according to their title. *Hays* v. *Georgian Inc.*, 280 Mass. 10, 15.

■ Accordingly, the pleading is treated as an answer in recoupment, a part of the defendant's answer by way of defence. "The right to recoup is the right to have unliquidated damages ascertained and applied in reduction of the plaintiff's demand, although the defendant cannot have judgment for any excess." *Barnett* v. *Loud*, 226 Mass. 447, 450. As the

pleading referred to was not a declaration in set-off there was no ground for a special find-. ing by the justice relating to it. Although referring to the pleading as a declaration in set-off in the finding for the plaintiff as defendant in set-off, the finding may nevertheless be treated as a finding against the defendant on his answer of recoupment, a conclusion also indicated by the unreduced general finding for the plaintiff.

█ We see no significance to the fact that the finding was made after the hearing on the defendant's motion for a new trial. The situation is the same after as before the hearing. These points are made clear in the case of *Tegelaar Brothers, Inc.* v. *Hanflig, trustee in bankruptcy*, 286 Mass. 363.

The plaintiff orally agreed to construct a dwelling for the defendant. The evidence as to its expected cost was conflicting. The plaintiff's version is that he gave the defendant an estimate of $23,000.00, while that of the defendant is that the plaintiff said the cost would not exceed $16,000.00, and as low as $14,000.00, if the defendant should work and assist in the construction. The dwelling is described as of Cape Cod style. Its dimensions are forty-six feet by twenty-seven feet. It contains three bedrooms and an expansion attic. Attached to it is a garage measuring twenty feet by twenty-two feet to accommodate two cars.

There was evidence by the plaintiff from

which it could be found that the plaintiff has been in the construction business ten years and has employed as many as thirty workmen during peak seasons. On this house as many as four men worked during some weeks and only one man worked during other weeks. Work commenced about October 23, 1964 and continued until about February 1, 1965, at which time an argument arose between the parties relative to payments. Thereafter the plaintiff did no more work. On the plaintiff's total charges of $19,268.23, approximately $15,000.00 represents materials which the plaintiff charged to the defendant at actual cost. This is not disputed. The dispute relates to the charge of approximately $4,000.00 for labor. It is the defendant's contention that he, an airline pilot, worked in his off time over twelve hundred hours on the construction of the house both before and after the plaintiff left the job. He also claims to have spent about $3,000.00 for materials after the plaintiff left. He asserts that the prevailing rate for carpenters in the locality was $4.00 per hour.

The report contains nothing indicating any contention that the plaintiff did not furnish labor approximating $4,000.00. The contention basically is that the charge of $19,268.23 for a house admittedly not completed exceeded in its uncompleted state the total price of $14,000.00 which the defendant says the plaintiff had assured him would be the maximum cost if the

defendant assisted in the construction. The report does not state how many hours of work the defendant claims to have performed up to the time the plaintiff left the job. Nor does it appear what the cost would have been to complete the house after the plaintiff quit. The work then remaining to be done may be characterized as substantial enough to prevent recovery in *quantum meruit,* unless the plaintiff was justified in not completing the job.

There was evidence which warranted a finding based on the plaintiff's version of the verbal agreement between the parties. The justice was not required to accept that of the defendant. What the provisions of the contract were, presented a question of fact. *Gleason* v. *Mann,* 312 Mass. 420, 423. Findings were warranted that the plaintiff agreed to build the house for approximately $23,000.00, materials to be billed to the defendant, and they were actually billed, at cost to the plaintiff, and that after deducting payments received, the plaintiff is owed for labor and materials furnished and performed, the balance which the justice found to be due. On that basis, there is no contention that the finding for the plaintiff for $2,847.90 is not correct.

 It could also have been found that the plaintiff was justified in leaving the job unfinished on or about January 1, 1965 because of non-payment or underpayment by the defendant constituting a breach of contract and

that the plaintiff is entitled to recover the amount due at that time. *Drinkwater* v. *D. Guschov Co. Inc.,* 347 Mass. 136, 140-141. *Kauranen* v. *Mattaliano,* 347 Mass. 583, 585.

We see no error on the justice's part in allowing the plaintiff's requests for rulings:

"1. The plaintiff did work for the defendant in building a home for him in Nantucket.

2. No written contract was ever entered into between the parties.

3. Where no express contract can be found but where a party has constructed a building for another party the defendant is liable in *quantum meruit.*

4. Where it is responsibility in *quantum meruit* the liability is for the fair value of the services and materials furnished.

5. The fair value of services and materials furnished in this case is $19,235.90 less $16,388.00 paid, leaving a balance of $2,847.90 plus interest and costs and the plaintiff is entitled to judgment in that amount."

The justice's finding for the plaintiff was permissible on the evidence. *National Pneumatic Co., Inc.* v. *Industrial Cafeterias, Inc.,* 347 Mass. 61, 64.

The objection to the general finding for the plaintiff presents no question of law.

*Gladys G. Spencer, Executrix* v. *Robert Lawrence, Inc.*, 347 Mass. 765.

There was no error in denying the defendant's motion for a new trial. It was a matter addressed to the justice's discretion. Nothing new was presented or offered. No abuse of discretion is shown. *Haines Corp.* v. *Winthrop Square Cafe, Inc.*, 335 Mass. 152, 154.

As no prejudicial error appears there should be an order dismissing the report.

FRANCIS W. KEATING
of Falmouth for the Plaintiff
PHILIP JONES
of Hyannis for the Defendant