Tiffany, J.
This is an action in tort by the plaintiff, Cifizzari, for the wrongful conversion of her property against the defendant, D’Annunzio, in his capacity as landlord, and for the defendant’s violation of G. L. c. 93A. The plaintiffs *103 complaint was later amended, upon motion, to include a count for negligent supervision of the premises. The defendant assented to the allowance of this amendment.
The facts surrounding this dispute do not appear to be in controversy. On or about March 2, 1980, Cifizzari became a tenant of a single room in a house which was subsequently sold to D’Annunzio. Due to Cifizzari’s employment, which required her to be away from home frequently, there was only sporadic occupation of the room in question. The report indicates that therewas an arrearage of $400.00 in rent owed to the landlord, D’Annunzio. At some time in August, Cifizzari found that her room had been broken into and that all of her possessions were missing.
The trial court entered a finding for Cifizzari in the amount of $2,300.00; and set forth a specific finding of fact that D’Annunzio did not personally remove or order removal of Cifizzari’s belongings, but is responsible for their loss because of his negligent supervision of the premises. The trial court found that D’Annunzio was not unfair or deceptive in his dealings with the plaintiff.
The defendant claims to be aggrieved on this appeal by the trial court’s denial of the following requests for rulings filed by the defendant:
6. that the plaintiff abandoned the demised premises, resulting in a termination of the relationship. See G.L.c. 186, §15B(l)(a)(i).
7. that the defendant had a legal right to enter the premises when the premises appeared to have been abandoned by the lessee. See G.L.c. 186, §15B(l)(a)(ii).
8. that as a matter of law the defendant did not evict the plaintiff, but entered upon the premises when the plaintiff abandoned the premises. See G.L.c. 186, §16B(l)(a)(ii).
15. that the defendant met all conditions of notice to the tenant of transfer to the defendant’s interest, and, therefore, the defendant may recover said rent. Lowell Housing Authority v. Sav'Mor Infra.
These requests call for findings of fact which a trial justice is not compelled to make at the request of the parties in a district court proceeding. Dist./Mun. Cts. R. Civ. P., Rule 52(a); Ashapa v. Reed, 280 Mass. 514, 516 (1932). The denial of a request for a finding of fact, not required by the evidence as a matter of law, is thus proper, Gidwanni v. Wasserman, 58 Mass. App. Dec. 162 (1976), affd 373 Mass. 162; Malden Door & Window Co. v. Goes, 38 Mass. App. Dec. 53 (1967), aff'd 354 Mass. 764; and such denial is ordinarily not subject to review by this Division. Huikari v. Eastman, 362 Mass. 867 (1972); Stella v. Curtis, 458, 461 (1965).
The defendant’s remaining charges of error challenge the validity of the trial court’s subsidiary findings of fact and ultimate finding for the plaintiff. An exception to a general finding, without more, raises no question of law for appellate review. Coleman v. C & P Homes, Inc., 44 Mass. App. Dec. 142, 144-145 (1970); Lamb v. Santos, 35 Mass. App. Dec. 162, 169-170 (1966). Moreover, this Division will not review general or specific findings of fact in the absence of a request for ruling testing the sufficiency of the evidence to support such findings. Massachusetts General Hosp. v. Quincy, 348 Mass. 791 (1965); Bandera v. Donohoe, 326 Mass. 563, 564 (1951); Eastern Elec. Co. v. Martin, 52 Mass. App. Dec. 41, 50 (1973). As the defendant herein failed to submit such a request for ruling in the trial court, it cannot be held on this appeal that the court’s factual findings were erroneous. Corcoran v. Healey, 1981 Mass. App. Div. 83, 88.
Similarly, any question of an inconsistency in the court’s findings or rulings *104 has been waived by the defendant herein. Such an inconsistency could have been remedied solely by a motion to correct the same or a motion for a new trial. Viera v. Balsamo, 328 Mass. 37, 39 (1951); Lowell Window Shade Co. v. Bernstein, 57 Mass. App. Dec. 170, 173-174 (1976). As the defendant neglected to file such a motion, no question of an inconsistency is open on this appeal. Adkins v. Armata, 56 Mass. App. Dec. 50, 53-54 (1975); Smith v. H.P. Hood & Sons, Inc., 52 Mass. App. Dec. 10, 15 (1973).
We note that the trial court acted, although not required to do so, on the plaintiffs requests for rulings of law. The allowance of plaintiffs requests numbers 3 and 5 as true, material statements of the law in this case indicate the court’s finding of conversion herein. Requests for rulings of law numbers 3 and 5 state:
3. When the plaintiff demanded that her personal property be returned, the refusal to return and the retention by the defendant, amounted to a conversion. Grimes v. Briggs, 110 Mass. 446 (1872).
5. The plaintiff may establish her claim for conversion by showing that, after rightfully having possession of her personal property, the defendant thereafter wrongfully exercised some act of dominion over the personal property. Union Old Lowell Nat'l Bk. v. Paine, 318 Mass. 313, 61 N. E. 2d 666 (1945).
The court’s subsidiary findings indicate that the defendant permitted various tenants to collect rent and serve as his agency on the property, and that the defendant was responsible for the plaintiffs loss because of his negligent supervision of the premises. These findings, viewed in conjunction with the court’s allowance of requests 3 and 5, suggest that the defendant was found liable herein for a conversion of the plaintiffs goods on a theory of respondeat superior. As noted above, any question as to the sufficiency of the evidence to support these findings was waived by the defendant.
Accordingly, report dismissed.