Flatley, J.
Plaintiff John E. Murphy, acontractor (“Murphy”), appeals from a judgment of the Woburn Division of the District Court Department. Murphy brought this action in contract on an account annexed to recover $5,708.00for work, labor and materials supplied in the excavation and installation of a foundation with structural slab and the installation of water and sewer services on property owned by the defendant.
The defendant, Anthony DeNardo, a homeowner (“DeNardo”), denied that he owed any amount to Murphy. He set forth affirmative defenses under Dist./Mun. Cts. R. Civ. P., Rule 12(b) (6) and of estoppel and waiver, and claimed that he was entitled to recover for overpayments he had made to the plaintiff. DeNardo counterclaimed that all work was to have been completed for $15,220.00, the amount of Murphy’s estimate; that payments already made by him were for unauthorized work; and that the amount now sought by Murphy was either for work previously paid for, unauthorized work or work improperly completed. DeNardo further claimed that Murphy had violated G.L c.93A, § 2 (c), breached his contract and negligently performed his work. In response to the counterclaim, Murphy asserted that he had done extra work beyond the original estimate with DeNardo’s knowledge and authorization and, further, that he was required to do extra work because DeNardo had not done certain preliminary excavation work.
Judgment was entered for defendant DeNardo on plaintiff Murphy’s complaint for additional compensation and on DeNardo’s counterclaim in the amount of $12,100.00. The trial court did not find any violation of G.L c. 93A by the plaintiff.
The trial coin! entered subsidiary findings of fact, which included the finding that Murphy’s estimate of $15,220.00 was accepted by DeNardo and became the contract between the parties. Neither the estimate, nor the various architectural plans upon which it was based, is part of the record on appeal.
The court also found that the contract between the parties provided that Murphy was only authorized to expend amounts and incur expenses in accordance with the terms of the estimate. Muiphy’s proposal was for the construction of a foundation and the installation of sewer fines. Another contractor was to have performed the excavation work. Murphy told DeNardo that several hours of additional excavation work were needed. DeNardo warned Murphy of water problems; nevertheless, Murphy proceeded to do 33 hours of excavation. The contract between the parties was never amended to reflect any changes. Murphy demanded and received an additional $10,000.00 above the original estimate and later submitted an additional bill of $4,333.00. The parties agree that Murphy has been paid $26,139.00.
1. Murphy claims that the judgment is incorrect as a matter of law in that the *82 court’s judgment on the counterclaim of $12,100.00 would reduce his compensation to $14,039.00, which is less than the amount of his estimate of $15,220.00, which the court found to be the contract price. To the extent that Murphy is alleging an inconsistency in the court’s findings, he failed to raise this issue in the trial court and preserve it for appellate review by means of a motion for a new trial or a motion to correct the alleged inconsistency. Cook v. Kozlowski, 351 Mass. 708 (1967); Viera v. Balsamo, 328 Mass. 37, 39 (1951). Further, Murphy requested no rulings of lawwith respect to the counterclaim and, therefore, has also failed to preserve any issue of law on the computation of damages on the counterclaim. The trial judge made specific findings of fact as to which items constituted overcharges, and his award of damages on the counterclaim amounts to the correct arithmetical total of the overcharges he found. Murphy never tested the sufficiency of the evidence on the overcharges by requests for rulings of law. See, e.g., Maccarone v. Phillips, 1986 Mass. App. Div. 17, 19 and cases cited. The record before us does not disclose that the trial judge was plainly wrong in reducing the compensation to Murphy below his estimate.
The court found that the contract price was not to exceed $15,200.00 and had not been amended. The court denied Murphy’s requests for rulings (as we note below) that he had not performed negligently and had not breached his contract with DeNardo.
2. Murphy also claims to be aggrieved by the court’s failure to award him damages for extra expenses allegedly incurred in accordance with the estimate. Where the court found that Murphy was only authorized by the estimate to incur expenses up to a certain amount, any issue of extra work clearly entailed a question of fact for the trial court’s resolution. The reported evidence supports the trial judge’s finding that the extra work was not authorized. Therefore, the contrary finding sought by Murphy was not required.
3. Murphy also claims to be aggrieved by the court’s denial of his requests for rulings numbers 1,2,3, and 5.
Request number 1 sought a ruling that Murphy is “entitled” to payment of $5,708.00 on his account for work, labor and materials for which the defendant promised to pay a stated or determinable amount and which the plaintiff had performed.
The word “entitled" in a request for ruling has been held to mean that the requested ruling is required as a matter of law. Mack Financial Corp. v. Malone, 1978 Mass. App. Div. Adv. Sh. 250, 253-254. Very seldom, if ever, can such a ruling be granted to the party with the burden of proof. Id. at 253-254. See also, Hoffman v. Chelsea, 315 Mass. 54, 56 (1943).
Plaintiffs request for ruling of law number 2 is also couched in language that the plaintiff is “entitled” to payment of $5,708.00 on the theory of quantum meruit. Here again, the use of the word “entitled” is equivalent to requesting that the ruling is required as a matter of law. As there was evidence which supported a finding in favor of the opposing party, it was proper for the court to deny plaintiffs request for rulings numbers 1 and 2. Perry v. Hanover, 314 Mass. 167, 170 (1943).
Murphy’s request number 3 sought a ruling that the plaintiff did not breach his contract with the defendant. His request number 5 was a request for a ruling that the plaintiff did not perform his work negligently. Both breach of contract and negligence questions are questions of fact. See Bifano v. Patkins' Plumbing and Heating Co., 1984 Mass. App. Div. 228, 229. Consequently, plaintiffs request numbers 3 and 5 are essentially requests for findings of fact and not rulings of law.
A party is not entitled to findings of fact upon request in the district court. Ashapa v. Reed, 280 Mass. 514, 516 (1932). See also, Dist./Mun. Ct. R. Civ. P., Rule 52(a). Therefore, the court is generally not required to act on requests for findings. Liberatore v. Framingham, 315 Mass. 538 (1944). The denial by the trial court of *83 plaintiffs requests for what are clearly findings of fact was proper as the evidence adduced at trial did not require such findings as a matter of law. Ciffizari v. D'Annunzio, 1984 Mass. App. Div. 102, 103, and cases cited.
4. There being no error of law, the report is dismissed.