## Western District

### AVIS RENT-A-CAR SYSTEM, INC.
### v.
### JEAN VOGEL A-K-A

*Present*: Riley P. J., Hobson and Garvey, JJ.

Case tried to ——————, in the District Court of Springfield.

*Riley, P. J.* The plaintiff in this action seeks to recover under count 2 of its declaration (which sounds in conversion) damages for destruction of property based upon a written agreement between the plaintiff and

the defendant dated September 14, 1957 whereby the plaintiff rented to the defendant a 1957 Ford motor vehicle which agreement provided for the return of said vehicle on September 21, 1957. The plaintiff alleges that the defendant, unmindful of the terms of said written agreement, failed, willfully neglected and refused to return said vehicle on Sept. 21, 1957 but converted the same to her own use in violation of the terms, conditions and covenants of said agreement. In addition to a general denial the defendant alleged in her answer an oral extension of the contract made on or before September 21, 1957 by which the plaintiff agreed to allow the defendant to use said motor vehicle on and after Sept. 21, 1957 upon the defendant's agreement to pay the customary rental for the same as set forth in the original agreement. By stipulation these defenses were relied upon as the only defenses at the time of trial.

The report states that evidence was introduced and admitted by the defendant that she understood and agreed to a return date of September 21, 1957 and also that the vehicle was not recovered or returned to the possession of the plaintiff until October 7, 1957. The plaintiff claims to be aggrieved by the refusal of the court to grant the following request for ruling:

"The defendant here is a tortious bailee in exercising dominion over goods under her care in excess of the limits of her contract. While exercising such dominion she becomes an insurer against loss."

The court found for the defendant and made the following special findings of fact:

"On September 14, 1957, the plaintiff rented the defendant a 1957 Ford automobile under a written agreement which was introduced in evidence as Exhibit 1 and incorporated in this report by reference.

The defendant did not return the automobile on September 21, 1957.

On October 7, 1957, while the defendant was operating the automobile on Field Road in Longmeadow, she struck a tree damaging the automobile.

The plaintiff has not maintained the burden of proof that the accident was caused by the negligence of the defendant."

There was evidence from the defendant herself which would warrant a finding that she used the automobile for a time in excess of the limits of her contract with the plaintiff. If she did this, she might be liable for conversion of the vehicle. *Hall v. Corcoran,* 107 Mass. 251.

If she converted it, she was liable to pay for any depreciation in value, whether that depreciation had been occasioned by her negligence or fault, or by the negligence or fault of any other person. *Spooner v. Manchester,* 133 Mass. 270 at 272. *Lawyers Mortgage Investment Corp. v. Paramount Laundries,* 287 Mass. 357, 361, 362.

While she set up in her answer an oral extension of the contract made before the date of its expiration, there is no evidence to sustain this allegation and the trial judge made no finding in respect to this branch of the case. He found that she did not return the automobile on September 21, 1957, the date of the expiration of the original contract, but that on October 7, 1957 while she was operating

the automobile in Longmeadow, she struck a tree damaging the automobile and ruled that the plaintiff had not maintained the burden of proof that the accident was caused by her negligence.

 While the plaintiff's request involves a finding of fact which the judge was not required to make, it calls attention to a vital issue in the case and correct principles of law governing such facts. He made no finding of fact on the issue of whether the defendant was rightfully using the automobile under her contract but found for the defendant on the ground that the damage was not caused by her negligence. Had he found that she was still using the vehicle under her contract the plaintiff would not have been aggrieved by his refusal to grant its request and by his ground of decision.

As was said in *Kaufman v. Sydeman,* 251 Mass. 210, 217:

> "Our difficulty arises from being unable to say from the report upon which theory he acted - - - - The defendants were entitled to the rulings requested in a possible view of the evidence; and, although the finding may have been right, we are unable on the report so to determine." See also *Markiewicz v. Toton,* 292 Mass. 434 at 437. *C. v. Albert,* 310 Mass. 811, 821.

 In the case at bar we are unable to say from the report and the findings of the judge upon which theory he acted in refusing the plaintiff's request above set out in view of the fact that he made no finding which he might have done which would render the request immaterial.

Consequently, the *finding for the defendant is set aside and a new trial ordered.*

Alfred L. Morin, for the plaintiff.
James L. Allen, for the defendant.