RICHARD L. PAULL
   for the plaintiff.
MARIO P. ALFIERI
   for the defendant.

*Northern District*
No. 7310

## BERNARD KUPFERSCHMID

v.

## SONUS CORPORATION

Argued: May 27, 1970 - Decided July 27, 1970

*Present:* Brooks, P.J., Connolly, Cowdrey, J.J. Case tried to *Feloney, J.,* in the Third District Court of Eastern Middlesex #388 of 1966.

*Brooks, P.J., This is an action of contract,* under which plaintiff seeks to recover a bonus of $1500. The declaration is in two counts. Count one a written contract for $1500. Count two on an account annexed for $1500.

The bonus provision was part of a larger contract, partly oral, partly written, which provided for services by plaintiff, an industrial engineer, to defendant, a corporation engaged in electronic research and development. The written part of the contract, with the provision for the bonus sued for, is set forth in a letter from plaintiff to defendant dated February 1, 1965 reading as follows:

Mr. Eric Kolm, President
Sonus Corporation
199 Alewife Brook Parkway
Cambridge, Massachusetts

Dear Eric:

This letter will confirm the conversations which we have had with respect to the employment of my consulting services by the Sonus Corporation for the period February 1, 1965 to April 30, 1965 with the following compensation arrangement:

a. $1,000 (one thousand dollars) monthly payment, payable by Sonus Corporation to me on February 28, 1965, March 31, 1965 and on April 30, 1965, for a total of $3,000 (three thousand dollars) in concept of monthly payments, *providing I perform in accordance with our understanding*, plus

b. $1500 (one Thousand five hundred dollars) bonus, payable upon delivery to, and acceptance by, Sonus Corporation, of 3,000 (three thousand) Pool Sitter units to be manufactured to Sonus Corporation specifications.

Will you kindly confirm your agreement with the above by signing a copy of this letter and return it to me for my files.

I trust this is the beginning of a long and mutual profitable relationship between us.

Cordially yours,

Bernard Kupferschmid

AGREED: February 1, 1965

SONUS CORPORATION

By (s) Eric Kolm, President

Plaintiff's work during the three months, February 1st to April 30th, was to assist the engineering department to get set up for manufacturing, and to afford professional consultant services to defendant, assisting particularly its engineering department to assemble data and technical specifications relating to a certain

electronic device known as a "pool-sitter" which had been developed by defendant.

The purpose of assembling such data and technical specifications was to assemble same into such order and form as to permit outside contractors to survey the requirements of manufacturing the pool-sitter for the defendant and so to be able to bid on the job.

Plaintiff worked as a consultant for the stated three month period, at the expiration of which his employment terminated and defendant paid him a total of $3000 plus expenses. Moreover, defendant entered into a contract with a manufacturer, Clavier Corporation, whereby the corporation undertook the manufacture of the pool-sitter. Defendant offered to extend plaintiff's contract after the agreed three months period, but plaintiff declined the offer.

Plaintiff learned of the foregoing between the defendant and Clavier Corporation and in the fall of 1965 demanded of defendant payment of $1500 under the bonus of the contract. Defendant refused and has continued to refuse to make such payment.

The only witness for plaintiff in addition to himself was one Cavanaugh, who testified that he was at the time of the trial and for two years previously had been the office manager and chief accountant for Clavier Corporation and that he had custody of the books and records of Clavier Corporation, including a

summation which he was told his predecessor had made in the regular course of business, recording the account between defendant and Clavier Corporation relative to the latter's manufacturing of pool-sitters for the defendant.

Cavanaugh testified that he personally did not participate in the making of these records, that they were made up more than two years prior to his being employed by Clavier Corporation and were made up by his predecessor and that he did not know if the exact same shipping procedures were used then by Clavier Corporation as at the time of trial.

Cavanaugh testified that he had cross checked the records, which he had with him for accuracy, although he did not have with him in Court all of the invoices. He stated that the company records showed that the total order was for 25,000 units, that as manufacturing of the pool-sitters was undertaken, some units were shipped by truck, some picked up by defendant. He testified that the first units were ordered April 1, 1965 and shipped around May 10, 1965, that the records showed that by November 2, 1965, 3,378 units had been delivered to defendant, about one half having been picked up and about one half having been shipped out. He stated that the records show that of the 3,378 either by shipment or picked up by defendant, 48 were rejected, leaving total amount retained by defendant 3,330.

Defendant made timely objection and saved

timely exception to the Court's overruling his objection to the admissibility of the testimony offered through Cavanaugh of the records of the account between Clavier Corporation and defendant.

At the conclusion of Cavanaugh's testimony defendant moved to strike Cavanaugh's testimony as it pertained to any testimony from records not kept by him or under his direction or control and also to strike any testimony by him from records which could not be verified by him because the underlying documents were: A. Not in the courtroom. B. Not in existence and were never seen by him. This motion was denied and defendant claimed a report.

Defendant offered five requests for rulings, only part of the first of which was contained in the report. That request was as follows:

1. On all the evidence a finding for the plaintiff is not warranted as:

A. That he would only be entitled to his bonus for a prompt and proper delivery of 3000 pool-sitters in accordance with the terms of his employment agreement and that said pool-sitters were not delivered either by April 30 (For some reason defendant did not complete the request so that we do not know what it was any more than we know what the other four requests were.)

The court found for plaintiff in the amount

of $1500 on Count 1 and for defendant on Count 2.

In denying the first request the Court stated: "I find and rule that plaintiff is entitled to his bonus in the amount of $1500. I find that the more than 3000 units were delivered to the defendant Sonus Corporation or to its designated customers and accepted by Sonus Corporation at various times up to November 2, 1965. I find and rule on all the evidence that these deliveries were made within a reasonable time, there being no deadline set in the contract dated February 1, 1965."

Defendant claims to be aggrieved by:

1. The overruling of his objections to the testimony of the witness Joseph Cavanaugh from which a report was claimed.

2. The overruling of his motion to strike the testimony of the witness Joseph Cavanaugh from which a report was claimed.

3. The finding of fact contained in paragraph 5 of the Court's action of the Court on the request for rulings.

Defendant has filed requests for rulings raising the question of admissibility of evidence admitted over the objection of defendant. Apparently a key witness for plaintiff testified as to certain records, some of which were in the courtroom, some of which were not, and if they were, should have been offered in evidence instead of being paraphrased or read.

The report in this case is incomplete. It refers to pleadings which are not before us. Reference is made to requests for rulings which were not incorporated into the report. It is not clear from the report what evidence was properly or improperly admitted.

The case on the facts seems to us a meritorious one, but we are dubious about the manner in which vital evidence was introduced. We are remanding the case to the trial court for a new trial to give plaintiff opportunity to offer the records themselves so far as available. These, in our opinion, would be admissible under the statute G.L. c. 233, § 78 despite the fact that the witness did not write them up, nor that he was not an employee of the company at the time the records were written. There is no doubt that the writing of the records took place prior to the institution of these proceedings and we would be prepared to rule that the records were made in good faith and in the regular course of business.

The case is remanded for a new trial to the Third District Court of Eastern Middlesex.

J. J. MURPHY
   for Plaintiff.
DWORTH T. GOODMAN
   for Defendant.