*Northern District*

No. 8033

**EASTERN ELECTRICAL COMPANY**

v.

**DOAK MARTIN**

Argued: May 17, 1973 - Decided: Sept. 11, 1973

*Present:* Cowdrey, P.J., Bacigalupo, Flynn, JJ.

Case tried to *Mason, J.* in the District Court of Natick, No. 15805.

**Flynn, J.** This is an action of contract to recover for labor and materials allegedly performed for and supplied by the plaintiff to the defendant.

Plaintiff's declaration is on a common count in the sum of $9,580.13. The defendant's answer is (1) a general denial; (2) a plea of

payment; (3) an allegation that the plaintiff dealt with the defendant as an agent of another and the labor performed and materials supplied were for an account of another; and (4) the Statute of Frauds (G.L. c. 259, § 1 — no note or memorandum of a special promise to answer for the debt of another.)

The court found for the plaintiff in the sum of $8,877.22.

**At the trial there was evidence tending to show:**

The plaintiff is an electrical contractor and was awarded a sub-contract for electrical work in connection with the construction of a new building and renovation of an old building owned by The Lutheran Social Services, Inc., and both located in Brockton, Massachusetts.

The defendant is an architect and was employed in that capacity by The Lutheran Social Services, Inc., for the design and supervision of the renovation and construction of its buildings in Brockton, Massachusetts.

The defendant in many instances approved modifications and changes to plaintiff's sub-contract for electrical work and in addition supervised all of the plaintiff's work on the project.

In January 1971 the defendant asked the plaintiff to provide an added electrical service from the transformer to the main switch gear. The plaintiff was to perform this work on a time and materials basis, which it did,

and by invoice dated April 8, 1971, charged the defendant the sum of $2,889.00. Thereafter, the defendant made a $1,500.00 payment on account leaving a balance due of $1,389.00, which the defendant admitted it owed the plaintiff.

By three invoices dated October 5, 1971, the plaintiff charged the defendant for additional labor and materials in connection with (1) electrical work on heat in penthouse; (2) wiring of air-conditioner; and (3) added electrical work in electrical room.

The defendant by letter dated June 3, 1971 authorized the plaintiff to perform additional electrical work on the Lutheran Home project. The letter referred to the Lutheran Home project and is signed "Doak Martin, A.I.A." The letter commenced — "In order to reduce and balance the load in the Motor Center, this is to authorize you to perform the following work . . ." All of the work performed by plaintiff for which it seeks to charge the defendant was performed on the Lutheran Home project.

At the close of the evidence, and before the final arguments, the defendant made requests for rulings, which, with the court's disposition thereof, are as follows:

1. On all the law and evidence a finding for the defendant is warranted. *Allowed.*

2. On all the law and evidence a find-

ing for the plaintiff is not warranted. *Denied.*

3. Defendant as an architect at all times pertinent to this claim was an agent of Lutheran Social Services, Inc. *Denied as contrary to facts found.*

4. Plaintiff, at all times pertinent to this claim, dealt with defendant in his capacity as an agent of Lutheran Social Services, Inc., and not as a principal for whom he was to perform labor and supply materials. *Denied as contrary to facts found.*

5. Defendant is not personally liable to plaintiff for work done for Lutheran Social Services, Inc., as the plaintiff at all times pertinent to its claim, knew the defendant was an agent for a disclosed principal. *Denied as a request for a finding of fact.*

6. That at all times pertinent to its claim, plaintiff performed labor and supplied materials for buildings owned by Lutheran Social Services, Inc., and since there is no written note or memorandum signed by the defendant agreeing to pay for such labor and materials, plaintiff cannot maintain such an action against the defendant since the defendant would be charged to answer for the debt of the Lutheran Social Services, Inc., without a writing as required by statute. (Chapter

295, § 1, G.L.). *Denied as contrary to facts found.*

7. At all times pertinent to its claim, plaintiff knew that the defendant received no part of the labor performed and materials supplied by it and therefore the consideration necessary for the formation of a contract between the parties does not exist and therefore no contract or action for quantum meruit may be maintained. *Denied as contrary to facts found.*

The plaintiff filed no requests for rulings.

The trial judge found the following facts:

"This is an action for work, labor and materials on a common count in the sum of $9,580.13."

"I find that Cleary Construction Company was the general contractor for the construction of the Lutheran Nursing Home in Brockton, Massachusetts; that the plaintiff was a file bid sub-contractor for the electrical contracting and that the defendant was the architect employed by Lutheran Social Services, Inc., to supervise construction and to approve modifications and changes in the base contract."

"I find that the plaintiff was paid in the amount of the base contract and that certain changes were made during construction which were not included in the original contract price."

"I find that changes requested during con-

struction required authorization by way of change orders approved by the architect, owner and general contractor.''

''I find that there were certain design deficiencies in the feeder to the main electrical service and that the defendant authorized the plaintiff to add additional cables necessitating labor and materials in the sum of $2,889.00 which were not authorized by the owner or the general contractor, but were contracted for individually by the defendant with the plaintiff.''

''I further find that the defendant made a partial payment and is entitled to a credit of $1,500.00.''

''I find that the electrical work performed in the wiring of heating units in the penthouse and the wiring of the air conditioners were part of the original contract; that those services were remedial and were obligations and the file sub bid contractors responsible for their installation.''

''I find that the defendant designed, specified and approved all changes; that there were no change orders for added electrical work in the electrical room; that the electrical service was not allowed to be connected due to design deficiencies; that by letter of June 3, 1971, the plaintiff was authorized by the defendant, in his individual capacity, to reduce and balance the electrical load in the motor center to correct the design deficiencies.''

"I find that the additional work authorized in the electrical room was to be on a time and material basis; that the material costs were in the sum of $2,952.22, and the time (labor) charges were in the sum of $4,536.00."

The defendant claims to be aggrieved by the Court's failure to allow defendant's request for rulings Nos. 2 through 7.

The amount in dispute relates solely to additional work done by the plaintiff in the electrical room. The trial judge found that there were no change orders for this work and that the electrical service was not allowed to be connected due to design deficiencies. Further that the authorization by the defendant to proceed to reduce and balance the electrical load in the motor center was made to the plaintiff in the defendant's individual capacity, as it had been on a previous occasion several months prior on the same job in connection with providing additional service from the transformer to the main switch.

These foregoing findings of fact were decisive of issues in the case.

Findings of fact of the trial judge as such are not reversible by the Appellate Division and will be sustained unless as a matter of law they cannot be supported upon a reasonable view of the evidence. *James B. Rendle Co.* v. *Conley & Daggett, Inc.*, 313 Mass. 712; *Himelfarb* v. *Novadel Agene Corporation*, 305 Mass. 446, 449.

The evidence reported together with the reasonable inferences of which it is susceptible, together with all the circumstances of the transaction, justifies the finding of the trial judge that there were design deficiencies that had to be corrected in order to reduce and balance the electrical load so that the electrical service could be connected. The defendant, in his letter to the plaintiff dated June 3, 1971, obviously recognized that certail work was necessary to reduce and balance the electrical load to accomplish the desired result of an electrical service connection and authorized the plaintiff to perform in order to correct the condition. The trial judge concluded that these matters requiring correction had been caused by design deficiencies which conclusion was justified from the resulting conditions.

However, in any event this finding of fact will not be disturbed on another ground. The report of the trial judge states that it "contains all the evidence material to the question presented." The only questions presented are the rulings and the refusal to rule as requested upon Defendant's Request for Rulings Nos. 2 through 7. The legal issue of whether or not the finding of design deficiencies was warranted by the evidence was not reported by the trial judge. Hence, it is not open to the defendant and cannot be considered.

If the defendant desired to raise a

question of law as to the sufficiency of the evidence to warrant such a finding, he should have made a request to that effect and requested a report to that end. This he did not do. Inasmuch as no such question was presented to the Appellate Division, the Appellate Division has no authority to pass upon it. *Kelsey* v. *Hampton Court Hotel Co.*, 327 Mass. 150, 152. *Aluminum Products Co.* v. *Regal Apparel Co.*, 296 Mass. 84. *Cueroni* v. *Coburnville Garage, Inc.*, 315 Mass. 135, 139. *Baker* v. *Davis*, 299 Mass. 345, 348.

The defendant's second request was rightly denied. It is a request based upon "all the evidence" and does not contain the specifications required by Rule 27, District Court Rules, (1965 as amended), *Barsky* v. *Hansen*, 311 Mass. 14; *Okin* v. *Sullivan*, 307 Mass. 227.

The defendant's third and fourth requests deal with the question of agency and the trial judge found as a fact that in connection with the claim in dispute, the defendant dealt with plaintiff in the defendant's individual capacity. This finding was predicated upon evidence, together with all rational inferences that may be drawn therefrom, that appears in the report, and therefore should not be disturbed. *Casey* v. *Gallagher*, 326 Mass. 746.

While it is a correct principle of law as cited by the defendant, *Porshin* v. *Snider*, 349 Mass. 653. *Also see Mendelsohn* v. *Holton*, 253

Mass. 362, that an agent cannot be held personally liable in contract (unless it is so agreed in the contract) on a contract made by the agent in behalf of, but not with the authority of his principal, nevertheless, in the instance at bar the court found that the authorization to the plaintiff to commence the work was made by the defendant in his individual capacity and not as an agent.

The letter dated June 3, 1971 from the defendant to the plaintiff contains no intimation of agency. Defendant argues that the use of the letters A.I.A. (American Institute of Architects), where they appear beside his name in the letter, is indicative of the fact that he was acting in the capacity of agent.

The employing of such letters is merely descriptive of the defendant's being a member of the architectural profession. Their use can be likened to the use of the letters ''M.D.'' or ''D.M.D.'' that might appear after the signature of a physician or dentist. Therefore, from their mere use, it does not follow in this instance that the defendant was acting as agent for another. *Restatement,* Agency 2nd, § 156.

Furthermore, the prior conduct of the parties in connection with this same general project can be observed in order to determine state of mind. Only a few months before, the defendant had authorzied the plaintiff to provide added electrical service from the transformer to the main switch, which work ac-

cording to the trial judge's finding, was also necessitated by design deficiencies. The defendant paid part of the bill for this work and although recovery of the balance was sought by the plaintiff in this action, the report shows the defendant admitted owing the same to the plaintiff. In view of this prior pattern that had been set between the same parties on the same construction job, the plaintiff could well have believed, and the court could properly find, that he was contracting with the defendant in the latter's individual capacity and not as an agent. Evidence of similar occurrence may be admissible to show knowledge or state of mind. *Leach and Liacos Handbook of Massachusetts Evidence,* 4th Edition, page 306. 2 *Wigmore on Evidence* (3rd Ed.) 2, §§ 377, 444, 458.

 The defendant's fifth request was rightly denied. It is a request directed to a finding of fact. In an action at law, a judge is not required to pass upon requests for findings of fact, and his denial or failure to pass upon them presents no question of law. *Stella* v. *Curtis,* 348 Mass. 458.

The defendant's sixth request was also rightly denied as contrary to the facts found. The finding was that the defendant was acting in his individual capacity and if that is so, he consequently made no promise to answer for the debt of another. The cited section of the Statute of Frauds is not applicable.

The defendant's seventh request was also rightly denied as contrary to the facts found. Although there was no express promise to pay on the part of the defendant, a contract implied in fact may be found to exist from the conduct and relations of the parties. *LiDonni, Inc.* v. *Hart*, 355 Mass. 580, 583.

The defendant argues lack of consideration necessary for a formation of a contract between the parties. An implied promise is not prevented from being a sufficient consideration by the fact that it is implied from conduct or from words that are not in express promissory form. *Corbin on Contracts*, § 144.

The trial judge's findings of fact imply that the defendant, being the architect on the job, was responsible for design deficiencies. The trial judge found that design deficiencies existed. Certainly, the defendant therefore benefited by the work performed by the plaintiff at the defendant's request which corrected the conditions caused by the design deficiencies so that the electrical service could be connected.

The consideration that he received from the plaintiff's performance was therefore similar to the consideration he received by the correction of other previous design deficiencies on the same job for which he has assumed legal responsibility.

An individual can be liable under an implied contract if he is the one "to whom credit was

extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay as a reasonable man should have expected to pay." *LaChance* v. *Rigoli,* 325 Mass. 425, 427.

There being no prejudice error, **the report is dismissed.**

ROBERT GILMAN AND
 HERBERT E. ZIMMERMAN
 for Plaintiff

CHARLES B. SWARTWOOD, III
 MOUNTAIN, DEARBORN & WHITING
 for Defendant