**B&M SIDING CORPORATION**
vs.
**Alexander SUCU**

**No. 8695**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 3, 1982**

397

**James R. Burke, Esq.**, counsel for plaintiff.

**Sylvia Katsenes, Esq.**, counsel for defendant.

## OPINION

**Cowdrey, P.J.** This is an action in contract to recover a balance allegedly due for work performed by the plaintiff corporation on the defendant's residence. The trial court entered judgment for the plaintiff in the amount of $1,537.50.

On August 8, 1977 the parties executed a written contract for the installation of vinyl siding and styrofoam insulation, and for certain roofing and downspout work on the defendant's home for a total cost of $6,375.00. The agreement was expressly rendered conditional upon the defendant's securing of a $5,000.00 construction loan. Additional miscellaneous clauses of the printed form contract provided for the plaintiff's procurement of Workmen's Compensation and Public Liability Insurance, and for plaintiff's furnishing its customary guarantee upon completion of the project.

The report indicates that in October, 1977 the plaintiff installed vinyl siding and three-quarter inch, tongue-in-groove installation on all exterior walls of the defendant's home; installed new downspouts; and covered all trim around the windows, overhangs and doors of the dwelling with aluminum. The defendant was present on the property during the course of the plaintiff's performance.

The defendant, at the commencement of the repair work, requested the installation of aluminum foil under the vinyl siding despite the plaintiff's assurances that the same was unnecessary. Both parties ultimately agreed to the installation at a cost of $8.00 per roll of foil. After the plaintiff's completion of three sides of the house, which entailed the use of a total of ten rolls of foil, the defendant informed the plaintiff that he would not pay for the foil. Accordingly, the plaintiff did not install aluminum foil on the forth side of the house. Additional extra labor and materials valued at $82.60 were furnished by the plaintiff at the defendant's request.

The defendant paid the plaintiff the sum of $5,000.00, leaving a contract balance of $1,375.00 for the principal work and $162.60 for extras for a total sum due of $1,537.60.

The evidence at trial consisted of the testimony of the plaintiff corporation's president and the written contract. The trial justice took a view of the premises. The defendant presented no evidence in the lower court.

The trial court initially entered subsidiary findings of fact that the parties' agreement called for "siding, insulation, roofing and downspout work" on the defendant's residence in addition to "mutually agreed upon extras" and that the "work was performed according to the contract specifications in a good and workmanlike fashion."

The defendant thereafter moved pursuant to Dist./Mun. Cts. R. Civ. P. 52 to amend the above subsidiary findings to reflect a lack of evidence, as alleged by the defendant, that the plaintiff made a full and complete performance under the contract in a good and workmanlike manner. The defendant requested specific findings of fact that there was no evidence: (1) that the defendant obtained

a loan of $5,000.00; (2) that the plaintiff carried Workmen's Compensation and Public Liability Insurance; or that (3) the plaintiff furnished a guarantee upon the completion of its work. The trial court denied the defendant's Rule 52 motion, but clarified its findings, in relevant part, as follows:

"Plaintiff installed insulation and siding on Defendant's home in a workmanlike manner in accordance with the specifications of a written contract....after trial and a view of the property in question, the Court entered a finding for the plaintiff and assessed damages at $1,537.50.

"The written instrument contained a clause which provided that Plaintiff would carry worker's compensation and public liability insurance, and that the job was conditional upon Defendant's obtaining a $5,000.00 loan. Defendant does not assert that Plaintiff failed to purchase the requisite insurance for the job or that Defendant failed to receive the loan. Defendant asserts that Plaintiff did not prove these facts in its case in chief. There is no report of any accident on the job or any claim or potential claim against Defendant by any of Plaintiff's workers. In addition, Defendant was on the job site, authorized the work to begin and supervised the progress of the work.

"Apart from the contract, the Court also finds that the benefit conferred on the Defendant was equal to the contract price plus $162.50 or $6,537.50."

The defendant now claims to be aggrieved by the denial of his Rule 52(b) motion, and by the court's disposition of various requests for rulings of law.

1. We are compelled in the interests of substantial justice to order a new trial in this case. G.L.c. 231, s. 110; **Kupferschmid v. Sonus Corp.,** 44 Mass. App. Dec. 196, 203 (1970); **Berger & Co.,** **Inc. v. Alcock Admx.,** 35 Mass. App. Dec. 66, 71 (1966).

The plaintiff's complaint sets forth a single count for breach of contract. It is familiar law that recovery on a contract theory of action requires evidence of the plaintiff's complete and strict performance of all terms of the contract at issue. **Hayceck Bldg. & Realty Co. v. Turcotte,** 361 Mass. 785, 789 (1972); **Andre v. Maguire,** 305 Mass. 515, 516 (1940); **Lantz v. Chandler,** 17 Mass. App. Dec. 150, 154 (1959). The defendant is correct in his contention that the report herein is devoid of conclusive evidence as to the plaintiff's compliance with each individual term and requirement of the parties' written agreement. This evidentiary deficiency in the report appears, however, to be a function of the technical posture of the lower court proceedings rather than a compelling indication of any lack of merit in the plaintiff's claim.[1]

Illustrative of the problem is the defendant's contention that the plaintiff failed to satisfy its burden of establishing compliance with contract clauses requiring the procurement of Workmen's Compensation and Public Liability Insurance for the project. It has been held that an unintentional failure to obtain such coverage does not necessarily constitute a dispositive breach of a building contract precluding recovery, even in those instances where an accident or other mishap in the course of construction rendered resort to such insurance necessary. See, **DiMare v. Capaldi,** 336 Mass. 497, 503-504 (1957); **Baccari v. B. Perini & Sons Inc.,** 293 Mass. 297, 302 (1936). The trial court herein clearly utilized this approach in its disposition of the defendant's Dist./Mun. Cts. R. Civ. P. 52(b) motion. The court effectively ruled that any possible failure of the plaintiff to secure insurance coverage

---

1. The thrust of the defendant's appeal is not that the plaintiff failed to comply fully with all contract terms but that the plaintiff neglected to prove such compliance in the lower court. We note by way of dicta that the reported evidence warrants a finding of at least substantial compliance by the plaintiff.

was a **de minimis** contract deviation which did not bar the plaintiff's recovery.

The **de minimis** rule for contract deviations is, however, applicable only where the claim for recovery is in quantum meruit rather than on the contract. See, **Russo v. Charles I. Hosmer, Inc.,** 312 Mass. 231, 233-234 (1942); **Zarthar v. Salibar,** 282 Mass. 558, 561-562 (1933). Where, as in the instant case, there is no count in the complaint for quantum meruit, evidence of substantial performance in good faith under the contract is technically insufficient to sustain a finding for the plaintiff. **Glazer v. Schwartz,** 276 Mass. 54, 56 (1931); **Cutter v. Arlington,** 268 Mass. 88, 92 (1929). It was incumbent upon the plaintiff herein to establish that it had obtained Workmen's Compensation and Public Liability Insurance in accordance with the parties' contract. See generally, **Waldo Bros. v. Platt Contracting Co.,** 304 Mass. 349, 359 (1940). The nature and content of the trial court's amended subsidiary findings suggest that the court, in implicitly absolving the plaintiff of its burden of proof on the insurance question, may have awarded judgment to the plaintiff herein in quantum meruit. Where the theory of law upon which a cause of action is tried and adjudicated remains unclear, a new trial may be ordered. See, e.g., **Avis Rent-A-Car System, Inc. v. Vogel,** 16 Mass. App. Dec. 133, 136-137 (1959).

Any actual variance in this case between the pleadings and the evidence could obviously have been corrected upon an amendment in accordance with the liberal provisions of Dist./Mun. Cts. R. Civ. P. 15, **Jones v. Wayland,** Mass., (1980),[a] in the trial court or at this appellate level. See generally, **Loranger Construc. Corp. v. E.F. Hauseman Co.,** 376 Mass. 757, 761 (1978); **Gagnon v. Ainsworth,** 283 Mass. 488, 491 (1933); **Tisei v. Building Inspec. of Marlborough,** 5 Mass. App. Ct. 328, 333 (1977). We refrain from ordering such amendment and from affirming the trial court's judgment in order to insure that all quantum meruit and contract issues will be fully

tried, and to prevent any possible prejudice to the defendant, **Cantara v. Massachusetts Bay Transit Auth.,** 3 Mass. App. Ct. 81, 87 (1975), who has challenged the sufficiency of the evidence as to the plaintiff's compliance with other contract requirements.[2] We decline any comment on the relative merits of the defendant's additional charges of error on this appeal. A new trial will afford an opportunity not only for the plaintiff to obtain an amendment of its complaint, if such amendment is desired, but also for the defendant to present whatever evidentiary defense, if any, he may have to the plaintiff's claim.

---

a. Mass. Adv. Sh. (1980) 669, 674.

2. The defendant's right to a review of these matters is questionable. The defendant emphasizes, for example, the absence of any evidence that the plaintiff: (a)installed "Bird & Son" as opposed to another brand of vinyl siding or (b)re-roofed a "small roof around the main house" with "Bird & Son Asphalt Shingles." Any issue as to the plaintiff's adherence to these particular contract specification was not directed to the trial court's attention by means of the defendant's Rule 52 motion. Moreover, the general phraseology of the majority of the defendant's requested rulings of law falls short of the Dist./Mun. Cts. R. Civ. P. 64(b) mandate that in "a case admitting of specification" the factual grounds for each request *shall be set forth therein in order to* preserve a right of appellate review of the disposition of such request. **Eastern Elec. Co. v. Martin,** 52 Mass. App. Dec. 41, 50 (1973); **Nadeau v. Clough,** 47 Mass. App. Dec. 33, 38 (1971). This is not an evidentiary question as to the burden of proof at trial which clearly rested upon the plaintiff, but instead concerns the defendant's preservation of issues for appellate consideration. The specificity employed by the defendant in requests 8 and 9 relative to the plaintiff's provision of Workmen's Compensation and Public Liability Insurance should have been utilized in framing specific requests as to the brand name of the siding used and the plaintiff's completion of the shingling of the small roof. Given the absence of any specific reference to these matters in the defendant's answer, requests for rulings *or post-judgment motion, an unavoidable suspicion* arises that it did not occur to the defendant to place the plaintiff's adherence to these contract terms in issue until this appeal.

2. The order for a new trial is restricted to the plaintiff's performance under the party's original agreement. The reported evidence amply sustains the trial court's finding for the plaintiff in the amount of $162.50 for extra labor and materials furnished at the defendant's request. No breach of the parties' subsequent oral agreement for the installment of aluminum foil resulted from the plaintiff's refusal to complete the fourth side of the defendant's residence. The defendant's refusal to pay for such work constituted a clear repudiation and breach of the parties' oral contract which both justified the plaintiff's termination of the same and discharged the plaintiff from any further duty thereunder. See, **e.g., Petrangelo v. Pollard,** 356 Mass. 666, 701 (1970); **Nevins v. Ward,** 320 Mass. 70, 73 (1946).

3. The trial court's findings for the plaintiff for extras in the sum of $162.50 is sustained.

Judgment for the plaintiff in the amount of $1,375.00 on the contract claim is vacated, and a new trial is ordered. Leave is hereby granted to the plaintiff to amend his complaint by adding thereto a count in quantum meruit.

SO ORDERED

**Elliott T. Cowdrey, P.J.**
**James B. Tiffany, J.**
**Richard L. Banks, J.**
This certifies that this is the opinion of the Appellate Division in this cause.
**Charles E. Jannino**
**Clerk, Appellate Division**